# Huntingdon County *versus* The Commonwealth.

1. A county cannot be required to pay the costs of a defendant in cases of felony.

2. The 64th section of Act of March 31st 1860 (Criminal Procedure), authorizes the payment by the county of the costs of prosecution only.

3. The Act of March 20th 1797, directing payment by the county of *all* costs in criminal prosecutions on acquittal, is supplied by the Act of 1860.

4. Since the Act of 1860, the costs of defendant are as at common law, by which none are allowed him.

5. Franklin County *v.* Conrad, 12 Casey 317, followed.

May 23d 1872.    Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Huntingdon county* : Of May Term 1872, No. 39.

This was a mandamus at the relation of A. B. Crewitt and others, against the County Commissioners of Huntingdon county, commanding them to pay the relators the costs of the defendant in the case of the Commonwealth against A. H. Crewitt, who had been indicted in the Court of Oyer and Terminer for murder and acquitted.

A. H. Crewitt, who had been bound over to January Term 1870, on the 11th of that month, petitioned the court setting forth that he was unable to pay the expenses of his witnesses and other expenses necessary for his defence, and praying " the court for an order that the county pay the costs of process and of witnesses for him." On the same day the court ordered " that process issue at the expense of the county for defendant's witnesses."

The trial commenced the same day.    On the 19th of January, after the trial and acquittal, the defendant's bill costs for subpœnas, daily pay and mileage of his witnesses, amounting to $137.08, was filed.

On the 2d of June 1870, on the petition of the relators, a rule on the county commissioners was granted to show cause why a mandamus should not issue against them, commanding them to draw a warrant on the county treasurer for the paymentof the defendant's bill of costs.    On the 22d of December 1871, the court (Dean, P. J.) made the rule absolute and awarded a peremptory mandamus, commanding the commissioners forthwith to issue " their warrant on the county treasurer for fees and costs" in the defendant's bill.

The county removed the record to the Supreme Court and there assigned for error the order of January 11th 1870, and awarding the mandamus.

*J. H. Musser* and *R. B. Petrikin,* for plaintiff in error, cited Act of March 31st 1860 (Criminal Code), § 64, Pamph. L. 445, 1 Br. Purd. 391, pl. 67 ; Act of March 20th 1797, § 1, 3 Sm. L.

281. Costs are not given by the common law in criminal cases, and county commissioners have no authority to pay them: Commonwealth v. Horner, 10 Casey 440; Franklin Co. v. Conrad, 12 Id. 317.

*J. H. Cremer* (with whom was *R. M. Speer*), for relators, referred to same Acts of Assembly and Act of June 13th 1836, §§ 21, 22, Pamph. L. 787, 1 Br. Purd. 233, pl. 136, 137, authorizing courts to establish rules for regulating their practice: Mylin's Estate, 7 Watts 64; Vanatta v. Anderson, 2 Binney 417; Venango Co. v. Durban, 3 Grant 66; Commissioners v. Hall, 7 Watts 290; Commonwealth v. Harman, 4 Barr 269; Richardson v. Clarion Co., 2 Harris 198.

The opinion of the court was delivered, ———— ——— 1872, by THOMPSON, C. J.—We said in the case of The County of Franklin v. Conrad, 12 Casey 317, " that the recovery and payment of costs in criminal cases are so entirely dependent on statutory regulations in Pennsylvania, that it is indispensable for every claimant to be able to point to the statute which entitles him to receive what he claims."

It is not worth while to inquire into the right of the defendant to prosecute the mandamus in this case without making it appear that he had paid the bill and was entitled to receive the costs; without resolving this, we may inquire where the statute is which requires the county to pay the defendant's costs in cases of *felony* when he is acquitted by a traverse jury? The Act of 1797, which provides that all costs accruing on bills of indictment charging a "*felony*" or other indictable offence, shall, if the party be acquitted, be paid by the county, is not the law of the case now before us; that stands upon the 64th section of the Criminal Procedure Act of 31st of March 1860. That section charges the costs of *prosecution* on the county when a defendant is charged and acquitted of felony. It makes no provision for the case of the costs accrued in the defence. That is left as at common law, where no costs are allowed a defendant.

The hardship to witnesses for an insolvent defendant is great to be obliged to attend the trial without pay. That may be justified perhaps on the ground of duty to the community; and so, as to the officers' costs in issuing and serving process for witnesses. They take their offices *cum onere*, however. But the hardship is greater where witnesses are too poor to pay their own expenses while attending the court in obedience to its process. The court ought to have the power to provide for such cases, and in some counties they do it. But it is questionable whether the county could be compelled to pay this expense. The legislature ought to provide for such cases. A witness may be poor and sick and far away from the county seat; to compel attendance under such cir-

22 P. F. SMITH—6

cumstances, would, and often is, sheer cruelty. This should be provided against most assuredly. This court cannot do it. We construe but do not make the law.

On the argument I was inclined to think the court was right in granting the peremptory mandamus against the commissioners; more especially, so far as the public officers were concerned, but on reflection and examination of the Act of 1860, which undoubtedly supplies the rule in relation to costs in criminal cases, I feel that this would have been an incorrect view to take.

The judgment of the court below is therefore reversed, and the writ of mandamus is set aside and reversed.