## Commonwealth *v.* Buccieri, Appellant.

*Criminal law—Murder—Criminal pauper—Costs.*

The recovery and payment of costs in criminal cases are so entirely dependent upon statutory regulations, that it is indispensable for every claimant to be able to point to the statute which entitles him to receive what he claims.

Although a prisoner is entitled to compulsory process, there is no liability on the part of the county, in the absence of express enactment, for either witness fees or officer's costs; the witness must attend at his own expense, because of the duty he owes the community; the officer must execute process at his own costs, for he takes his office cum onere.

*Costs—Printing of paper books on appeal.*

The Supreme Court has no authority to make an order to compel a county to pay for the printing of paper books on an appeal by a criminal pauper convicted of murder.

The act of March 31, 1860, § 59, authorizing the Supreme Court to make special allowance of a writ of error in indictments for murder and manslaughter, and providing that the court shall make all "proper orders touching notice to the commonwealth and paper books as may be necessary," has been superseded by the act of Feb. 15, 1870, which enacts that "a writ of error in all cases of murder and voluntary manslaughter shall be a writ of right to be sued out upon oath of defendants, as in civil cases." In such case the Supreme Court has no longer any duty to perform as to allowance of writs, notice to commonwealth or printing of paper books.

Doubted whether the right to make an order "touching paper books" includes the right to make the county pay for them.

Petition of E. H. Deysher, Esq., praying that an order may be made directing the county of Berks to pay expenses of printing appellant's paper book in this case. See case reported ante, page 535.

*E. H. Deysher* and *W. B. Bechtel,* for petition.

OPINION BY MR. JUSTICE DEAN, March 27, 1893:

Pietro Buccieri, the defendant, was indicted in the oyer and terminer of Berks county for murder. He being without counsel, the court appointed Messrs. Bechtel and Deysher to defend him. They performed this duty with ability and faithfulness. Their client, however, was convicted of murder of the first degree, and on the 12th of December last was sentenced to death. From this sentence an appeal was taken to this court. Many exceptions were taken at the trial, and twenty-four as-

signments of error were filed of record. The case was argued on the 27th of February, and after due consideration the judgment, on the 20th of March, was affirmed. To properly present the case for argument under the rules, necessitated the printing of a paper book of some two hundred pages. The accused, being in extreme poverty, counsel now ask us to make an order on the county of Berks to pay for printing the paper book.

To justify such an order, we should be able to point to a statute authorizing it; for if there be no " thus saith the law," we are powerless to grant the relief prayed for.

By section 9 of the Declaration of Rights, the accused in all criminal cases has a right to " compulsory process for obtaining witnesses in his favor." Under a liberal construction of this constitutional enactment every one accused of crime, without regard to his poverty, has been able to enforce the attendance at the trial of witnesses in his behalf, if they were within the boundaries of the commonwealth. But this is as far as the law goes in his favor.

In the case of Huntingdon County v. The Commonwealth, 72 Pa. 80, one Crewitt had been indicted for murder; just before arraignment, he presented his petition to the court, setting forth poverty and praying an order on the county to pay the costs of process and of witnesses in his behalf. The order was made. At the close of the trial his bill for witness fees and mileage of officers, amounting to $137, was filed, which the county refused to pay. The court thereupon issued a peremptory mandamus to the commissioners, commanding payment. From this order the county took an appeal to this court, and it was held, the late Chief Justice THOMPSON rendering the opinion, that the mandamus would not lie and must be set aside. It was said in support of the decision, " that the recovery and payment of costs in criminal cases are so entirely dependent on statutory regulations in Pennsylvania, that it is indispensable for every claimant to be able to point to the statute which entitles him to receive what he claims." The right to compulsory process was conceded; nevertheless it was held that, in the absence of express enactment, there was no liability on part of the county for either witness fees or officer's costs; the witness must attend at his own expense because of the duty he owed the community; the officer must execute process at his own costs, for he takes his office cum onere.

If there be no authority to compel the payment of expenses incurred in obedience to the positive constitutional mandate, certainly there is none under the same provision to compel the county to pay a printing bill to prosecute an appeal in a higher court.

Counsel cite in support of their petition a docket order made by this court on the 21st of October, 1860, in Commonwealth v. John Warner, indicted for murder in oyer and terminer of Berks county, in which the county was ordered to pay the expenses of printing Warner's paper book.

But this order, even if authorized, was made under section 59 of act of the 31st of March, 1860, which provided for a special allowance by the Supreme Court, or a judge thereof, of a writ of error in indictments for murder and manslaughter, and it was further directed that "the said court or judge, upon the allowance of any such writ, shall make all such proper orders touching notice to the commonwealth and paper books as may be considered necessary." Under this act there was a special allowance of Warner's writ, and in the same decree an order was made that the county should pay for printing his paper book. The decree was wholly ex parte, without notice or hearing, and we have grave doubts whether the right to make an order " touching paper books " included a right to make the county pay for them. But however this may be, this section of the act of 1860, so far as it relates to the allowance of the writ, was superseded by the act of the 15th of February, 1870, which enacts that " a writ of error in all cases of murder and voluntary manslaughter shall be a writ of right to be sued out upon oath of defendant, as in civil cases." In such cases this court has no longer any duty to perform as to allowances of writs, notices to commonwealth, or printing of paper books. Therefore, great as the hardship may seem to the petitioner, as we are wholly without authority to relieve him, his prayer is refused.