## Staller v. Staller et al., Appellants.

Argued December 9, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*S. H. Torchia*, with him *Ralph H. Behney, Sol R. Gitman* and *Claude T. Reno*, Attorney General, for appellants.

*Joseph Head, Jr.*, with him *John B. Martin, Daniel R. Reese* and *Duane, Morris & Heckscher*, for appellee.

OPINION BY HIRT, J., February 28, 1940:

On September 5, 1938 claimant, in the course of his employment as a painter, contracted lead poisoning and as a result was totally disabled for the period ending November 14, 1938. "Poisoning by lead ...... in any occupation involving direct contact with, handling thereof, or exposure thereto" is included in the enumeration of occupational diseases made compensable by the Occupational Disease Compensation Act of July 2, 1937, P. L. 2714, 77 PS 1101. At the time of contracting the disease claimant had been in the employ of defendant continuously for about eight years and since the disease had developed "to the point of disablement" after an exposure of more than five years, he was entitled to compensation for resulting disability. Payments of compensation under that act are directed to be made by the employer, and by the Commonwealth out of the Second Injury Reserve Account in the State Workmen's Insurance Fund, in stated proportions and for the year 1938 the liability of the employer was fixed at one-tenth and that of the Commonwealth at nine-tenths thereof.

Both the referee and the board made an award of $143 payable by the employer and the Commonwealth. On

appeal to the common pleas both claims 'were allowed as compensation for which the Commonwealth and the employer were liable and judgment was entered accordingly. The Commonwealth appealed, raising the single question whether the term "compensation" under section 7(a) of the occupational disease supplement, includes the supplying of *medical and hospital services* imposing liability on the Second Injury Reserve Account for a part of that expense.

The act does not define what is included in the term "compensation" except by reference. Section 3 provides: "The several provisions of the Workmen's Compensation Act, to which this act is a supplement, shall be applicable to this act insofar as they are consistent with the terms hereof . . . . . . and shall be construed as including . . . . . . 'occupational disease' and the resultant effects thereof." What is to be paid is determined by the following: "§4. When an employer and employee shall be subject to the provisions of article three of the Workmen's Compensation Act as therein provided, compensation for occupational disease shall be paid in all cases by the employer *according to the schedule provided in such act,* subject however to the special terms and conditions thereto as set forth in this act," including the provisions imposing a part of the liability on the Commonwealth. (Emphasis added).

The question therefore becomes one of construction of the schedules of compensation contained in the various subdivisions of §306 of the Workmen's Compensation Act of June 4, 1937, P. L. 1552, 77 PS 511, et seq. as applied to the act in question. If the medical service *required* to be furnished by an employer in a case of ordinary injury to an employee under §306(e) of that act must be regarded as a payment of *compensation,* then the obligation is on the Commonwealth to pay its share of the medical expense in this case.

*Paolis v. Tower Hill C. Coke Co.,* 265 Pa. 291, 108 A. 638 and *Guy v. Stoecklein Baking Co.,* 133 Pa. Superior

Ct. 38, 1 A. 2d 839 are not controlling for each of those cases involved a construction of §315 of the compensation act and the limitation of that section upon the right to claim compensation in any amount. In each of them a voluntary payment for medical expense had been made by or on behalf of the employer. The claim petition was filed more than one year after the injury (the then period of limitation of §315) but within one year of the payment of medical expense. In each of the above cases it was held that the furnishing of the services of a physician was not a payment of compensation and therefore the provision of the section giving an employee the right to assert his claim within one year from the date of the last payment of compensation, did not extend that right for one year from the date of the payment of medical expense.

In the Paolis case, the principles controlling the construction of §306(e) as applied to §315 are stated in general terms which if applied literally to the question raised in this appeal, give support to the contention of the Commonwealth. But what was there said must be considered as the law applicable to the particular facts of that case. "All other legal conclusions therein are but obiter dicta, though ...... entitled to great consideration because of the high standing of the tribunal announcing them": *Welsch v. Pittsburgh T. Coal Corp.*, 303 Pa. 405, 154 A. 716; *Hill v. Houpt*, 292 Pa. 339, 141 A. 159. We are of the opinion that they are not applicable here.

A case more nearly analogous in principle is *Haley to use, v. Matthews*, 104 Pa. Superior Ct. 313, 158 A. 645. There the liability for medical and hospital expense, in addition to compensation for loss of earning power, had been established and it was held in an action of trespass brought by claimant against a tort feasor that the employer was entitled to subrogation to the extent of compensation paid by him and that the payment of medical expense was compensation. The fol-

lowing discussion from the opinion of Judge BALDRIGE in that case is pertinent here: "We do not concur with the position taken by the learned court below that throughout the act 'compensation' means one thing and 'medical services' another. The word 'compensation' appears very frequently in article III. It is used, in our judgment, both in its limited sense—contemplating the loss of wages only, and in the more comprehensive sense—including medical and hospital expenses. By way of illustration, section 308 provides that all compensation payable under this article shall be payable in periodical installments. Again, section 316 provides that the compensation provided by this article may at any time be commuted by the board. Commutation of periodical payments is not applicable to medical and hospital expenses. In those sections, as well as in section 315, 'compensation' is used in its limited sense. On the other hand, in some connections it has a broader meaning. Section 305 provides that every employer liable under this act to pay compensation shall insure the payment of compensation in the State Workmen's Compensation Fund or in some insurance company. If 'compensation' there does not mean medical and hospital expenses, it follows that insurance carriers are not required to pay for those services, although the employer is liable therefor. Obviously, this result was not contemplated. Section 306(d) provides that no *compensation* shall be allowed for the first fourteen days after disability, except as provided in clause (e). Clause (e) relates to nothing but surgical, medical, and hospital services, medicines and supplies. 'Compensation' would, therefore, seem to include such services."

The provision requiring the employer to furnish medical service is in the interest of the employee and when the employer's liability is established, supplying medical service is as much compensation as payments for loss of earnings. §306(e) places the obligation directly upon the employer to make certain that the

employee will receive reasonable medical care. The decision as to whether such care is necessary, wisely, is not left entirely with the employee unless he asserts the right to the services of a physician of his own choice. Whatever relieves one from necessary expense is the equivalent of a direct payment to him. The Occupational Disease Act is a supplement to the Workmen's Compensation Act and must be liberally construed along with it as a part of that humane legislation. In an occupational disease the medical expense conceivably might exceed the loss of earnings. If the Commonwealth is not liable for a share of this expense, the employer is relieved also, placing the whole burden upon the employee, a result clearly not intended by the act. In ascertaining legislative intent the court may presume "that the Legislature does not intend a result that is ...... unreasonable": Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS 552. By the reference to the schedules of the Workmen's Compensation Act we are convinced that compensation for occupational disease includes medical expense within the limits of §306(e).

Judgment affirmed.