## Potzinger v. Earle Hardware Mfg. Co. et al.

*Body, Muth & Rhoda,* for claimant.
*Stevens & Lee* and *Allan K. Grim,* for defendants.

SCHAEFFER, P. J., September 15, 1941.—Martin Potzinger, who had been employed in the cleaning department of the Earle Hardware Manufacturing Company, died on November 16, 1938, leaving a widow and a son. The cause of death, as found by the referee, was an occupational disease—silicosis. The referee duly made an award in favor of the widow and child and, as the death occurred within one year after the effective

date of the Occupational Disease Compensation Act of July 2, 1937, P. L. 2714, 77 PS §1101, directed that one tenth of the sums awarded should be paid by the employer and nine tenths thereof by the Second Injury Reserve Account in the State Workmen's Insurance Fund. The referee, furthermore, directed the employer to pay decedent's medical expenses amounting to $26 and also the sum of $200 in funeral expenses.

Upon appeal the Workmen's Compensation Board affirmed with modifications the award by the referee. By reason of the decision in the case of Keck v. State Workmen's Insurance Board et al., 49 Dauph. 362, the nine tenths of the amounts awarded was directed to be paid by the Commonwealth of Pennsylvania instead of out of the Second Injury Reserve Account. The board also directed the employer to pay the medical expenses and the sum of $200 on account of decedent's funeral expenses.

The only portion of this award which is challenged in the appeal to this court is the last single item—the award of $200 funeral expenses to be paid solely by the employer. Appellant contends that it is liable for only one tenth of that amount and that an award of nine tenths thereof or $180 should be made against the Commonwealth of Pennsylvania.

The Occupational Disease Compensation Act is expressly made a supplement to The Workmen's Compensation Act of June 4, 1937, P. L. 1552, sec. 3. And by section 4, in cases where the employer and employe are subject to the provisions of the latter act, "compensation for occupational disease shall be paid in all cases by the employer according to the schedule provided in such act, subject, however, to the special terms and conditions relative thereto as set forth in this act." By section 307 of The Workmen's Compensation Act, as amended, 77 PS §561, a schedule of compensation to widows and children is set forth, and, in paragraph 7 thereof, it is provided that "Whether or not there be .

dependents as aforesaid, the reasonable expense of burial, not exceeding two hundred dollars, which shall be paid by the employer or insurer directly to the undertaker (without deduction of any amounts theretofore paid for compensation or for medical expenses)."

So, clearly, funeral expenses in an amount not exceeding $200 are a proper item of compensation in case of a death which is within the other terms of the Occupational Disease Compensation Act.

By section 7 of the latter act the liability to pay "the compensation for such . . . death" is placed upon the employer and the Commonwealth in the proportion, during the first year in which the act is effective, of one tenth by the employer and nine tenths by the Commonwealth.

All.parties agree that the compensation payable to widow and child shall be paid in that proportion.

In the case of Staller v. Staller, 144 Pa. Superior Ct. 83, the Superior Court held that in a case arising under the Occupational Disease Compensation Act of 1937 the employe's medical expenses should be paid jointly by the employer and the Commonwealth. The provision in section 4 of the Occupational Disease Compensation Act of July 2, 1937, 77 PS §1104, that ". . . compensation for occupational disease shall be paid in all cases by the employer according to the schedule provided in . . ." The Workmen's Compensation Act, showed a legislative intention to include the medical expenses of the employe as part of the compensation to which he was entitled, which under section 7 of the Occupational Disease Compensation Act should be paid jointly by the employer and the Commonwealth.

In the present case the Commonwealth contends that the doctrine of the Staller case cannot be extended to funeral expenses for the reason in that case the court dealt with section 306 of The Workmen's Compensation Act of June 4, 1937, P. L. 1552, 77 PS §511. But the question of the Commonwealth's liability for fu-

neral expenses was not before the court in the Staller case and, therefore, was not considered. However, section 307 of The Workmen's Compensation Act, 77 PS §561, does recognize "the reasonable expense of burial, not exceeding two hundred dollars", as a part of the compensation to be paid in death cases. By the terms of section 4 of the Occupational Disease Compensation Act, above referred to, the amounts and nature of the compensation to be paid under the Occupational Disease Compensation Act are to be determined by the pertinent provision of The Workmen's Compensation Act, and by section 7 the payment of the compensation is directed to be made jointly by the employer and the Commonwealth.

The Occupational Disease Compensation Act extended to persons who became incapacitated or died because of certain occupational diseases the applicable provisions of The Workmen's Compensation Act, with the proviso that for the first 10 years the Commonwealth would assist the employer in decreasing proportions in making the payments.

And now, to wit, September 15, 1941, the appeal is sustained and the final sentence of the award of compensation as made on December 12, 1940, by the Workmen's Compensation Board is amended so as to read as follows:

Funeral expenses in the sum of $200 shall be paid jointly by the employer and the Commonwealth of Pennsylvania, as follows: Ten percent thereof, or $20, shall be paid by the employer and 90 percent thereof, or $180, shall be paid by the Commonwealth of Pennsylvania through the State Workmen's Insurance Fund; and in all other respects said award of compensation is approved and affirmed.