## Interest on Occupational Disease Awards

RUTHERFORD, Deputy Attorney General, November 21, 1941.—This department is in receipt of your communication of October 7, 1941, requesting our advice as to whether your department shall pay interest on the Commonwealth's proportionate share of payments for occupational diseases.

At the outset it is necessary to call attention to the fact that the sovereign is not included within the provisions of a statute unless specifically named: See the early case of Commonwealth v. Yeakel, 1 Woodw. 143 (1863), which was followed in the case of Puloka v. Commonwealth et al., 28 D. & C. 367 (1936). However, in the case of Nardone et al. v. United States, 302 U. S. 379, 82 L. Ed. 314 (1937), this principle was considerably limited in a decision by Justice Roberts, to the

provisions of a statute which deprive the sovereign of a recognized or established prerogative. The court further called attention to the fact that the principle is less stringently applied where the operation of the law is upon agents or servants of the government rather than upon the sovereign itself.

Referring then to the Pennsylvania statutes governing occupational diseases, we find that section 410 of the Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, 77 PS §1510, provides, inter alia, that amounts of compensation shall bear interest at the rate of six percent as follows:

"Whenever any claim for compensation is presented to the board, and is finally adjudicated in favor of the claimant, the amounts of compensation actually due at the time the first payment is made after such adjudication shall bear interest at the rate of six per centum per annum from the day such claim is presented, and such interest shall be payable to the same persons to whom the compensation is payable."

The Occupational Disease Compensation Act of July 2, 1937, P. L. 2714, was a supplement to The Workmen's Compensation Act of June 2, 1915, P. L. 736, as reënacted and amended by the Act of June 4, 1937, P. L. 1552, 77 PS §1 et seq., and section 410 of the latter act makes practically the same provision regarding interest as the above-quoted section 410 of the Pennsylvania Occupational Disease Act of 1939, supra, as follows:

"Whenever any claim for compensation is presented to the board, other than claims of nonresident alien dependants, and is finally adjudicated in favor of the claimant, the amounts of compensation actually due at the time the first payment is made after such adjudication shall bear interest at the rate of six per centum per annum, beginning fourteen days after the date of the accident, and such interest shall be payable to the same persons as the compensation is payable."

See also section 3 of the Occupational Disease Compensation Act of July 2, 1937, P. L. 2714, where the term "disability" is defined thus:

" 'Disability' as used herein means the state of being so disabled. The date when the disability occurs from occupational disease shall be deemed to be the date of injury or accident."

The question arises: Do the above provisions relative to interest apply to the Commonwealth's pro rata share of awards in occupational disease cases?

Section 308(a) of the 1939 Pennsylvania Occupational Disease Act makes provision for the Commonwealth's share of awards in certain occupational disease cases as follows:

"Section 308. (a) When compensation is awarded because of disability or death caused by silicosis, anthracosilicosis, asbestosis, or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, *the compensation for disability or death due to such disease shall be paid jointly by the employer and the Commonwealth* out of moneys to the credit of the Occupational Disease Fund hereinafter created in the State Workmen's Insurance Fund, in accordance with the following provisions: If disability begins between October 1, 1939, and September 30, 1941, both dates inclusive, the employer shall be liable for and pay fifty per centum of the compensation due and the Occupational Disease Fund fifty per centum thereof. Thereafter, depending upon the date when disability begins, the proportions of compensation for which the employer and the Occupational Disease Fund shall respectively become liable shall be: If disability begins between October 1, 1941, and September 30, 1943, the employer sixty per centum and the Occupational Disease Fund forty per centum; if between October 1, 1943, and September 30, 1945, the employer seventy per centum and the Occupational Disease Fund thirty per centum;

if between October 1, 1945, and September 30, 1947, the employer eighty per centum and the Occupational Disease Fund twenty per centum; if between October 1, 1947, and September 30, 1949, the employer ninety per centum and the Occupational Disease Fund ten per centum. The employer shall pay the full amount of compensation provided in this act for disability or death in all cases where disability begins on or after October 1, 1949." (Italics supplied.)

Section 7(a) of the 1937 Occupational Disease Compensation Act also provides as follows:

"Section 7. (a) In the case of such occupational diseases as the Workmen's Compensation Board shall determine develops to the point of disablement only after an exposure of five or more years, *the compensation for disability or death due to such diseases shall*, for a period of ten years immediately succeeding the effective date of this act, *be payable jointly by the Commonwealth and the employer*, as follows: If disability occurs, or if no compensable period of disability occurs if death occurs, during the first year in which this act becomes effective, the employer shall be liable for and pay one-tenth of the compensation for such disability or death, and the remainder of such compensation shall be paid by the Commonwealth out of moneys to the credit of the Second Injury Reserve Account in the State Workmen's Insurance Fund. Thereafter for each successive year of such ten-year period in which disability occurs, or if no compensable period of disability occurs if death occurs, the employer shall be liable for and shall pay one-tenth more of such compensation, and the remainder of such compensation shall be paid by the Commonwealth out of moneys to the credit of the Second Injury Reserve Account in the State Workmen's Insurance Fund. After the expiration of such ten-year period, the employer shall pay the compensation for disability or death occurring thereafter in full." (Italics supplied.)

Act no. 8-A, approved May 29, 1941, made an appropriation for the Commonwealth's proportionate share of occupational disease awards as follows:

"The sum of one million dollars ($1,000,000) or so much thereof as may be necessary is hereby appropriated out of the General Fund to the Department of Labor and Industry for the payment of amounts payable from time to time during the two fiscal years beginning June first one thousand nine hundred forty-one *by the Commonwealth as its share of the compensation* payable to claimants for certain occupational diseases . . ." (Italics supplied.)

The question presented is whether "compensation" includes the award alone or award plus interest beginning 14 days after the date of accident (disability), as provided in the 1937 Workmen's Compensation Act to which the 1937 Occupational Disease Act was a supplement, or from the day the claim is presented as provided in the 1939 Occupational Disease Act. Both the 1937 and 1939 Occupational Disease Acts make express provision for interest, and, since the Commonwealth and the employer are jointly liable, if the employer is liable for interest the Commonwealth has a like responsibility to the extent provided for in the above enactments of the legislature.

It should be noted that workmen's compensation acts are liberally construed by the courts in favor of claimants. In the case of Staller v. Staller et al., 144 Pa. Superior Ct. 83 (1940), recently affirmed by our Supreme Court, medical service was included under the term "compensation". In the later case of Potzinger v. Earle Hardware Mfg. Co., filed September 15, 1941 (no. 30 March term, 1941), 42 D. & C. 478, the Common Pleas Court of Berks County ruled that funeral expenses were included within this term "compensation".

It would, therefore, seem that the foregoing 1941 appropriation for payment of the Commonwealth's

share of compensation payable to claimants for certain occupational diseases would, under the provisions of the Workmen's Compensation and Occupational Disease Acts, above discussed, include payment of interest.

In view of the foregoing, we are of the opinion, and you are accordingly advised, that your department shall pay interest on the Commonwealth's proportionate share of compensation payments for occupational disease as provided by law.