Weyant *v.* General Refractories Company.
Appeal of the Commonwealth.

Argued October 26, 1942.

Before KELLER, P. J.,
CUNNINGHAM, BALDRIGE, RHODES, HIRT and KEN-
WORTHEY, JJ.

*S. H. Torchia*, with him *Sol. R. Gitman, Ralph H. Behney*, Deputy Attorney General, and *Claude T. Reno*, Attorney General, for appellants.

*Robert C. Haberstroh*, with him *Paul E. Beaver*, for appellee.

OPINION BY KELLER, P. J., November 18, 1942:

The question sought to be decided by this appeal deals with the Occupational Disease Compensation Act of July 2, 1937, P. L. 2714 (77 PS §1101 *et seq.*) and is limited to only one point, viz., whether the Workmen's Compensation Board correctly ruled that the costs of the hearing—which resulted in an award of compensation to the claimant, not exceeding $3600, to be paid jointly by the Commonwealth and the employer, in the proportion of nine-tenths by the Commonwealth (out of monies to the credit of the Second Injury Reserve Account in the State Workmen's Insurance Fund), and one-tenth by the employer, General Refractories Company—should be paid by the employer or its insurance carrier, rather than be divided between the Commonwealth and the employer in the same proportions as the compensation was directed to be paid. The board also directed that the funeral expenses of $200 be paid by the employer or its insurance carrier.

The claimant alone appealed to the court of common pleas, and her appeal was confined to the limitation of her compensation, as respects the Commonwealth, to $3600. Neither the employer defendant nor its insur-

ance carrier took any appeal from the order of the board, as to the payment of either funeral expenses or costs.

By the time the case came up for hearing in the common pleas our decision in the case of *Rando v. State Workmen's Ins. Fund et al.,* 145 Pa. Superior Ct. 386, 21 A. 2d 530, had been filed (July 18, 1941) and an appeal therefrom had been refused by the Supreme Court (September 24, 1941). The Rando case upheld the claim of the Commonwealth that the limitation of total liability for compensation to $3600 applied to it as well as to the employer, and the claimant did not press her appeal. The parties, thereupon, agreed that judgment should be entered in favor of the claimant for compensation as ordered by the board, which was in accordance with the ruling in the Rando case. This left nothing before the court. The State Workmen's Insurance Fund, acting on behalf of the Commonwealth, seems to have agreed with the employer that the funeral expenses (by analogy to medical and hospital expenses, see *Staller v. Staller et al.,* 144 Pa. Superior Ct. 83, 18 A. 2d 537) should be borne jointly by the Commonwealth—out of the Second Injury Reserve Account—and by the employer, in the same proportion in which the compensation was directed to be paid.[1] But the employer and the Commonwealth's representative proceeded to argue the question as to the payment of costs, as though it had been raised and was pending in the court on appeal, and the court considered it and reversed the board and directed that the costs should be paid jointly by the Commonwealth, out of monies to the credit of the Second Injury Reserve Account in the State Workmen's Insurance Fund, and by the employer or its insurance carrier, in the same proportion as the

---

[1] We do not pass judgment on this question, for it was not raised or argued.

compensation awarded claimant was ordered to be paid. The Commonwealth appealed.

As the order relating to costs had not been appealed from and, consequently, was not before the court for disposition, its judgment in so far as it relates to the payment of costs must be reversed. An appeal in workmen's compensation cases, unlike appeals in equity, prior to recent equity rules, *(Delaware & Atlantic T. & T. Co. License Fees,* 37 Pa. Superior Ct. 151, 156, affirmed 224 Pa. 55, 73 A. 175), and appeals from the orphans' court, *(Pollock's App.,* 306 Pa. 301, 311, 312, 159 A. 555), does not open up the entire record for review but is confined to the specific objections to the board's findings, conclusions and order, and the errors of fact or law arising from them. See *Nesbit v. Vandervort & Curry,* 128 Pa. Superior Ct. 58, 63-65, 193 A. 393; *McDermott v. Sun Indemnity Co.,* 131 Pa. Superior Ct. 60, 70, 198 A. 499; *Palermo v. North East Preserving Works,* 141 Pa. Superior Ct. 211, 217-218, 15 A. 2d 44. As no exception had been filed to the order for the payment of costs and no appeal had been taken by the defendant who had been ordered to pay them, there was nothing before the court for it to act upon in this respect. The parties, no doubt, desired an expression of the court's opinion on the subject, but the matter was *coram non judice.*

The question has been fully argued before us, and to avoid any misconstruction of the effect of our decision affecting the future action of the board, we state that we are of opinion that the board correctly decided the issue.

The Act of 1937, P. L. 2714, is silent on the question of costs, and nothing appears in it which bears on the subject unless it is found in section 3, which provides, *inter alia,* "The several provisions of the Workmen's Compensation Act, to which this act is a supplement, shall be applicable in so far as they are consistent with

the terms hereof". The Workmen's Compensation Act thus referred to is the Act of June 2, 1915, P. L. 736, as amended and reenacted—see Title, p. 2714—one amendment and reenactment being the Act of June 4, 1937, P. L. 1552, which became effective January 1, 1938 and therefore was in force when the Occupational Disease Compensation Act went into effect on January 1, 1938. The only provision in the Act of 1937, P. L. 1552, relating to costs, is in section 428, relating to *execution,* which reads in part as follows: "Execution shall in all cases be for the amount of compensation and interest thereon due and payable up to the date of the issuance of said execution, with costs, and further execution may issue from time to time as further compensation shall become due and payable until full amount of the judgment with costs shall have actually been paid." It is clear that this provision can have no reference to an award against the Commonwealth, if the section be extended to the Occupational Disease Compensation Act, for judgments against the Commonwealth are not thus enforceable by execution.

The Act of July 21, 1919, P. L. 1077, to provide for the administration of the Workmen's Compensation Act of 1915 by creating the Bureau of Workmen's Compensation of the Department of Labor and Industry, etc., in section 24 contained the following provision relative to costs: "The witness fees and expenses and costs of any hearing may be imposed by the board upon either party, or may be divided between the parties in such proportion as the board may direct." It is clear that in using the expression 'either party,' either the claimant or the employer (or his insurance carrier acting for him and in his place) was meant. There was no other party contemplated. The Commonwealth was not and could not be a party, within the contemplation of the act, at least not until some liability to pay compensation was placed upon it; and if by subsequent

statute, such liability was placed on the Commonwealth, the board would have discretionary power to determine whether any portion of the costs should be paid by the Commonwealth. But we go further and hold that the purpose and intent of the act, as well as the language used, show that the Commonwealth assumed only the payment of *compensation* in relief of employers, in order to give them a period of time to make arrangements to carry the new burden placed upon them by the Occupational Disease Compensation Act, but evinced no intention to relieve them of the costs, which would probably follow an award, and which would neither be lightened nor made heavier by the participation of the Commonwealth in the burden of compensation thus imposed. It is a well-established principle that the Commonwealth is not liable for the payment of costs unless such liability is clearly imposed by statute: *Irwin v. Northumberland County,* 1 S. & R. 505, 506-7; *Com. v. County Commrs.,* 8 S. & R. 151, 152; *Jones v. Tatham,* 20 Pa. 398, 411 (syl. 6); *Huntingdon County v. Com.,* 72 Pa. 80, 81; *Com. v. Buccieri,* 153 Pa. 570, 26 A. 245; *Baker v. Kirschnek,* 317 Pa. 225, 231-2, 176 A. 489; *Com. v. Trunk,* 320 Pa. 270, 274, 182 A. 540; *Com. v. Henderson,* 113 Pa. Superior Ct. 348, 173 A. 868; *Hoedt v. Hoedt,* 60 Pa. Superior Ct. 5, 6.

The Commonwealth had no part in causing or continuing the conditions responsible for the occupational diseases which disabled workers in certain industries. The employers alone were responsible for them. When an enlightened public opinion demanded that employees suffering disability as a result of such diseases should be compensated by their employers for their inability to work, as well as employees disabled by accident, the Commonwealth, recognizing the justice of the demand, but apprehensive of the effect of its immediate enforcement on many of its great industrial operations, already hard hit by outside competition, provided for a method

of easing the employer's burden of compensation by fixing a maximum of $3600 in certain claims and by assuming payment of a part of the *compensation,* decreasing proportionately for disability arising in subsequent years, when the employers would be able to adjust their operations to the new burden; but there is nothing in the act that shows any intent on the part of the Commonwealth to assume any part of the costs of the proceedings incidental to establishing the employer's liability. To demand it smacks of looking a gift horse in the mouth.

In *Staller v. Staller et al.,* 144 Pa. Superior Ct. 83, 18 A. 2d 537, we extended the term compensation, as used in the Occupational Disease Compensation Act so as to include within it the payment of medical and hospital expenses; distinguishing the circumstances from *Paolis v. Tower Hill C. Coke Co.,* 265 Pa. 291, 108 A. 638, which held that payment of hospital expenses by the employer's insurance carrier, was not a payment of *compensation* within the meaning of section 315 of the Workmen's Compensation Act of 1915, such as would extend the limitation period of one year within which a claimant's petition must be filed. But the Paolis case shows clearly, in our opinion, that *costs* as such, that is witness fees, etc., in connection with hearings in workmen's compensation cases, are not *compensation,* and should not be included within the term, compensation, or be payable in any degree by the Commonwealth under the Occupational Disease Compensation Act, in the absence of a clear provision in the Act directing such payment, which is not here present.

The judgment of the court below is reversed in so far as it orders the Commonwealth to pay any portion of the costs of hearing, and the payment of all such costs is imposed on the defendant employer (or its insurance carrier), as ordered by the board.