## Commonwealth v. Feralio

*David E. Groshens*, assistant district attorney, for Commonwealth.

*Joseph L. Prince*, for county controller.

*Victor J. Roberts*, of *High, Dettra & Swartz*, and *Sydney E. Smith*, for defendant.

DANNEHOWER, J., February 17, 1943.—This proceeding, by petition, rule and answer, involves the interpretation of the Act of July 21, 1941, P. L. 425, which regulates payment of compensation to witnesses and taxation thereof as costs.

The question involved is whether a defendant, who has been acquitted by a jury in a criminal prosecution for a felony, and has filed a bill of costs for the compensation of his witnesses, who testified under subpœna and were paid by said defendant, is entitled to have said witness fees taxed as costs and paid by the county under the Act of July 21, 1941, P L. 425.

The facts are not in dispute. Petitioner, Rose Alexander Feralio, was the defendant in a criminal prose-

cution for larceny by employe and fraudulent conversion, both felonies under The Penal Code. After a trial in the Montgomery County Court of Oyer and Terminer, which lasted two weeks, she was found "not guilty" of both offenses by the verdict of a jury. Thereafter, she filed with the clerk of the court a bill of costs in the sum of $238.70 for the fees and mileage paid by her to 14 witnesses, who were subpœnaed and testified in her defense. Said fees and mileage were computed at the rate established by the Act of July 21, 1941, P. L. 425.

The county controller refused to pay this bill, so defendant filed a petition (and an amended petition by agreement) and obtained a rule upon the district attorney and county controller to show cause why defendant's bill of costs should not be taxed as costs and paid by the County of Montgomery. To this petition and rule the district attorney filed an answer admitting that under the Act of 1941, supra, defendant's bill is taxable as costs and payable by the county. The county controller's answer denies that the aforesaid act of assembly imposes any liability upon the county for defendant's bill of costs for her witnesses.

The question of law thus raised, after argument before the court, is pending for decision.

There can be no doubt that, prior to the enactment of the Act of 1941, a defendant's witness fees in a prosecution for a felony could not be taxed as costs in the case and imposed upon the county for payment, even though defendant was acquitted. The Criminal Procedure Act of March 31, 1860, P. L. 427, sec. 64, provides in part:

". . . *the costs of prosecution* accruing on all bills of indictments charging a party with felony . . . shall, if such party be acquitted by the petit jury on the traverse of the same, *be paid by the county* . . ." (Italics supplied.)

Thereafter, our Supreme Court in Huntingdon County v. Commonwealth, 72 Pa. 80 (1872), decided that the Act of 1860, supra, authorizes the payment by the county of the costs of prosecution only, and a county cannot be required to pay the costs of a defendant in cases of felony.

In a prosecution for a misdemeanor, however, upon the acquittal of a defendant, the jury has power over costs, and "shall determine, by their verdict, whether the county, or the prosecutor, or the defendant, shall pay the costs, or whether the same shall be apportioned between the prosecutor and the defendant, and in what proportions . . .": Act of March 31, 1860, P. L. 427, sec. 62. But if the petit jury shall determine that the prosecutor shall pay the costs, or apportion them between the prosecutor and defendant, the defendant's bill for his subpœnas, serving the same, and attendance of his material and necessary witnesses shall be included in the costs: Act of March 31, 1860, P. L. 427, sec. 63, and the Act of April 9, 1873, P. L. 67, sec. 1. If the jury acquit defendant and direct that the costs of prosecution be paid by the county, the latter is not liable for the attendance of defendant's witnesses. They are no part of the costs of prosecution: The County of Franklin v. Conrad, 36 Pa. 317 (1860).

Therefore, under the law, it has been the long-established practice that where a defendant has been acquitted of a felony, or has been acquitted of a misdemeanor, with costs placed on the county by the jury, defendant's bill of costs for his witnesses were no part of the costs of prosecution and the county was not liable for their payment.

The right to recover costs in this Commonwealth rests entirely on statutory enactment: Steele v. Lineberger et al., 72 Pa. 239, 240 (1872). It was said in Commonwealth v. Buccieri, 153 Pa. 570 (1893), that the recovery and payment of costs in criminal cases are so entirely dependent upon statutory regulation that

it is indispensable for every claimant to be able to point to the statute which entitles him to receive what he claims. Therefore, we must decide whether the Act of 1941 is such an express enactment as would allow a defendant acquitted in a criminal prosecution to have the fees for his witnesses taxed as costs and paid by the county.

The Act of 1941, supra, supersedes earlier acts and was no doubt intended as a general law on the subject. The title of the act reads:

"To establish a system uniform throughout the Commonwealth for the compensation of witnesses, regulating the amount, payment and taxation as costs thereof, and repealing inconsistent legislation." Section 1 provides:

"The word 'witness' as used in this act means a witness subpœnaed to testify before (a) any court of record, or . . ." Section 8 provides: "All compensation properly paid in accordance with the provisions of this act to witnesses *in any proceeding shall be taxable as costs therein.*" (Italics supplied.)

It is admitted that the court of oyer and terminer is a court of record, that defendant's witnesses were subpœnaed, were present at the trial and testified, and also that defendant has paid them their compensation fixed by this act. The only question remaining is whether in the Act of 1941 the legislature, from the language used, intended to change prior practice by including witnesses subpœnaed and paid by a defendant acquitted in a criminal prosecution for a felony.

Under the provisions of this statute, the legislature included witnesses subpœnaed in a criminal, as well as a civil, proceeding in a court of record, because the wording of section 9 and section 10 of the act indicates, in general, witnesses in a criminal prosecution are included. Section 9 provides:

"Nothing herein contained shall affect . . . the compensation of a witness from another state who

appears to testify in a criminal prosecution in this Commonwealth by virtue of a subpœna issued by a judge of such other state." Section 10 provides:

"At the time a witness is subpœnaed for any proceeding he shall, upon demand, be paid the witness fee for one day and mileage as herein provided. The provisions of this section shall not apply to witnesses subpœnaed to appear in criminal courts."

The legislature excluded a certain class of witnesses in a criminal prosecution from the provisions of section 9, thereby implying that other classes of witnesses in criminal prosecutions remained embraced within its provisions. No witnesses in a criminal prosecution were to be given advantage of section 10. These specific exclusions signify that the remainder of the act included witnesses in criminal as well as civil proceeding, unless they were specifically excluded.

It is therefore earnestly contended by petitioner that the words of the statute, section 8: "All compensation . . . paid . . . to witnesses in any proceeding shall be taxable as costs therein"; mean that upon defendant's acquittal his witness fees are to be taxed as costs, along with the fees of the witnesses for the prosecution, and paid by the county, or else they have no meaning at all in criminal cases.

On behalf of the county controller it is contended that, although this statute may make the defendant's witness fees taxable as costs, section 8 fails specifically and explicitly to impose liability upon the county for the payment of the costs thus taxed.

The Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, secs. 51 and 52, provides that "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature. Every law shall be construed, if possible, to give effect to all its provisions . . . When the words of a law are not explicit, the intention of the Legislature may be ascertained by considering . . . (5) the

former law, if any . . . (6) the consequences of a particular interpretation", and also the presumption that the legislature intends to favor the public interest as against any private interest. Another well-recognized rule of construction is that the words of a statute cannot be extended beyond their plain meaning.

We believe that the wording of section 8 of this statute is not explicit and does not impose liability upon the county for defendant's bill of costs. It would have been so easy for the legislature, if it had intended suddenly to change the long-established practice and impose liability on the counties for costs of all defendants acquitted of a felony, or acquitted of a misdemeanor with costs on the county, to have clearly, plainly, and explicitly included defendant's costs as part of the costs of prosecution and directed payment by the county. In this statute, where the claim is to have public money paid out of the public treasury, there is no definite authorization or liability for payment by the county. We, therefore, cannot extend the words "taxable as costs" beyond their plain meaning and construe them as providing "taxable as costs, and in criminal cases, included in the costs of prosecution and payable by the county". If we accept the very liberal construction and interpretation of the act given by the petitioner, we are unwarrantedly extending the meaning of the language used in this act, thus opening the door to a great liability upon all the counties of our Commonwealth.

For illustration: a private prosecutor might charge another with a felony, and, if defendant be acquitted, the county would have to pay all of defendant's costs. This factor might discourage public officers in the prosecution of crime. It follows that the county is not obliged to pay defendant's bill of costs for her witnesses.

The question of procedure, by petition, rule and answer, has not been argued or discussed. But it seems

to the writer of this opinion that, if the clerk of courts refused to tax defendant's bill of costs as part of the costs of prosecution, exceptions could have been filed or the question could have been properly raised by mandamus against the county controller, or by a case stated. However, in fairness to petitioner, the case may well be considered as a case stated.

And now, February 17, 1943, for the foregoing reasons, the rule to show cause why defendant's bill of costs should not be taxed as costs and paid by the county is hereby discharged and the petition dismissed.