## Seitz v. U. S. Asbestos Division of Raybestos-Manhattan, Inc.

*A. H. Young* and *J. David Young*, for claimant.

*Barley, Snyder, Cooper & Mueller*, for defendant.

JOHNSTONE, J., January 24, 1958.—Following a hearing on a claim petition filed by Walter Seitz against the U. S. Asbestos Division of Raybestos-Manhattan, Inc., the referee made an award in favor of claimant and directed that the costs, consisting of witness fees to Dr. William J. Stout in the sum of $10 be paid by defendant.

An examination of the record discloses that Doctor Stout appeared as a professional medical witness and testified on one day. An appeal was taken by defendant to the Workmen's Compensation Board in which exception was taken to the award of the referee

of witness fees to Doctor Stout in the sum of $10. The board filed its opinion in which it affirmed the award of the referee and dismissed defendant's appeal. An appeal followed to this court in which the only question raised is the validity of the award by the referee to Doctor Stout of witness fees in the sum of $10 and the direction that these costs be paid by defendant.

The Act of July 21, 1941, P. L. 425, sec. 1 et seq., 28 PS §416.1, regulates the compensation of witnesses appearing before courts of record, departments, boards, etc., and fixes witness fees at $3 per day during the necessary period of attendance. However, section 12 of that act specifically reserves from repeal that portion of section 24 of the Act of July 21, 1919, P. L. 1077, relating to the compensation of physicians as witnesses in proceedings under The Workmen's Compensation Act.

Under section 24 of the Act of 1919, 77 PS §171, it is provided:

"Any physician when called as a witness and required to attend before the board or any referee shall receive for each day's attendance the sum of five dollars and, in addition thereto, the same mileage as provided for in case of other witnesses."

There is no doubt that the Workmen's Compensation Board has the authority to impose the costs, including witness fees, upon either party or that the costs may be divided between the parties: Weyant v. General Refractories Company, 150 Pa. Superior Ct. 502, 506, and the only question is whether the board has authority to impose witness fees for physicians in excess of the $5 provided in the act.

In its opinion the board cites its Rule 33a which provides that the successful party may be entitled to recover, as costs, the reasonable cost of procuring the attendance of necessary witnesses. Defendant does

not question the reasonableness of the witness fee allowed to Doctor Stout nor that he was a necessary witness, but does question the authority of the board to impose witness fees in excess of the amount fixed by the act. There is no doubt that the board has authority to promulgate rules and regulations governing the administration of the act, but we are satisfied that those rules and regulations cannot be contrary to the specific provisions of the act. While we hesitate to be a party to reducing the doctor's witness fee from $10 to $5, we have no choice, since that amount was fixed by the legislature. If $5 is not a sufficient witness fee for a physician to testify in a compensation case, and we readily agree that it is not, it is up to the legislature to change the present provisions in the act.

And now, January 24, 1958, the appeal of defendant from the order of the Workmen's Compensation Board imposing the cost of witness fees for a physician at the rate of $10 per day is sustained, and the fee of the witness is fixed at $5 and, as reduced, defendant is directed to pay the costs.