John Flynn, Deceased, by Catherine Flynn, His Widow *v.* Asten Hill Manufacturing Co. and Commonwealth of Pennsylvania. Commonwealth of Pennsylvania, Appellant.

Argued October 7, 1977, before Judges Rogers and Blatt, sitting as a panel of two. Reargued December 7, 1977, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Rogers, Blatt and DiSalle.

*Mary Ellen Krober,* Assistant Attorney General, with her *David A. Ody,* Assistant Attorney General, for appellant.

*Vincent B. Corsetti,* for appellee.

OPINION BY JUDGE WILKINSON, JR., March 8, 1978:

This appeal was initially argued before a panel of Judges, and was then directed for reargument before the Court en banc. It brings before this Court a case of first impression regarding The Pennsylvania Occupational Disease Act (Act), Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 et seq. The issue presented is whether a widow is entitled to recover disability compensation, and/or compensation for medical and hospital expenses, arising out of a disability which her deceased husband may have suffered in his lifetime, when the deceased husband did not apply for benefits prior to his death. To put it another way, we must decide whether a potential claimant's right to disability benefits survives his death. We hold that a claimant's cause of action does not survive his death, and that, therefore, a widow may not recover when the claimant filed no claim prior to his death.

On June 25, 1968, the appellee, a widow, filed two claims with the Bureau of Occupational and Disease Compensation. One petition was a fatal claim petition which alleged that the appellee's husband had died from asbestosis, and which sought compensation and funeral benefits under Section 307 of the Act, 77 P.S. §1407. After a series of hearings, the referee awarded benefits to the appellee on her fatal claim petition. No appeal was taken from this award, and its validity is not challenged by any of the parties in the present proceeding.

The second petition filed by the appellee sought total disability on behalf of her husband from August 30, 1967 to October 15, 1967, the date of his death. The referee found that the appellee's husband had in fact become totally disabled on August 30, 1967, and that this disability continued up to the date of his death. The referee then ordered the Commonwealth and the employer to pay disability compensation to the appellee, as well as reimburse her for medical and hospital expenses.

The Commonwealth appealed to the Workmen's Compensation Appeal Board (Board) arguing that a widow could not collect compensation for the lifetime disability of her husband when he had filed no claim petition prior to his death. The Board dismissed this challenge, but did find that the widow had not produced sufficient medical evidence on which to base an award of lifetime disability benefits. The Board ordered the case remanded to the referee.

The Commonwealth appealed to the Court of Common Pleas of Philadelphia County, which appeal was vacated when the Board granted the appellee's Petition for Rehearing. In its second order the Board reaffirmed its original decision, and held once again that the widow could collect benefits. The Commonwealth reinstated its appeal to the Court of Common Pleas of Philadelphia County. That Court dismissed the Commonwealth's appeal as being from an interlocutory order. The Commonwealth took the instant appeal to this Court.

First, we will not quash the instant appeal as interlocutory. While normally an appeal from a decision of the Board remanding the case to a referee would be unappealable, where the Board's order is based on a clear error of law which would necessitate long and fruitless proceedings, we will allow the appeal. Here, the Board has clearly erred as a matter

of law in holding that the appellee may collect lifetime disability benefits allegedly due her husband. If we were to quash the instant appeal, it would only lead to more hearings before the referee, followed by appeals and once again be before this Court, at which time we would reach the same result as we presently announce. For this reason, we will allow the instant appeal. *See, Riley Stoker Corp. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 533, 308 A.2d 205 (1973); *United Metal Fabricators, Inc. v. Zindash,* 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973).

Turning to the merits of the case, we cannot accept the appellee's contention that her husband's cause of action survives his death, and that as a result she may initiate a claim petition for his alleged lifetime disability. The first basis for appellee's argument is that 20 Pa. C.S. §3371, (the abatement statute), explicitly provides for the survival of the disability claim. That statute, however, was designed to overcome the common law rule that all causes of actions abated with the death of the plaintiff or defendant. It has no application to the present case where we are dealing with a statute which explicitly provides that it is intended to replace whatever common law rights an employee suffering from an occupational disease may have against his employer. Rather than look to the abatement statute for guidance, we must instead examine the Act itself to see if it provides in any way for the survival of the deceased husband's claim.

Appellee contends that the first paragraph of Section 410 of the Act, 77 P.S. §1510, explicitly provides for the survival of an employee's benefit claim. The appellant responds that this section only provides that if an employee presents a claim, and then dies before that claim is finally adjudicated, the dependents of the employee will receive whatever compensation is finally

determined to be due the claimant. Upon examining this section as a whole, we find the latter interpretation to be correct. Thus Section 410 cannot be construed to provide for the survival of the lifetime disability claim advanced by the appellee.

Looking to other portions of the Act, we find additional support for our decision. Section 315, 77 P.S. §1415, provides in part that in cases of total disability from asbestosis, compensation shall be payable as of the date the claim is filed. Here, the claim was not filed until after the death of the employee. Since the disability would have ended upon death, no disability could have existed at the date the claim was filed, and, therefore, no compensation could be payable. Furthermore, as the appellee herself has demonstrated, a widow has statutory death benefits provided her through the provisions of Section 307 of the Act, 77 P.S. §1407. It has long been held that these fatal claim benefits are separate and distinct from the deceased employee's right to lifetime disability compensation. *Moore v. Dodge Steel Co.*, 206 Pa. Superior Ct. 242, 213 A.2d 130 (1965). We see no basis for now holding that a widow not only has the statutory benefits due her under Section 307, but may also pursue disability compensation when no petition was filed seeking those benefits during the lifetime of her husband.

Since it has been held that reimbursement for medical and hospital expenses constitutes compensation, *Shank v. Consolidation Coal Co.*, 161 Pa. Superior Ct. 304, 54 A.2d 289 (1947), and *Staller v. Staller*, 144 Pa. Superior Ct. 83, 18 A.2d 537, *aff'd*, 343 Pa. 86, 21 A.2d 16 (1941), the reasoning outlined above also applies to deny the appellee the right to seek reimbursement for the medical and hospital expenses incurred during her husband's lifetime, when her husband did not file a claim petition prior to his death.

Accordingly, we will enter the following

ORDER

Now, March 8, 1978, the decision of the Court of Common Pleas of Philadelphia County, No. 4738, dated December 22, 1975, dismissing the Commonwealth of Pennsylvania's appeal from the order of the Workmen's Compensation Appeal Board, No. 68882, is hereby reversed. It is directed that judgment be entered in favor of the appellant Commonwealth of Pennsylvania and against the appellee Catherine Flynn.

CONCURRING OPINION BY JUDGE DISALLE:

Because I believe that the result reached by the majority is correct, I concur. Since Section 315 of the Pennsylvania Occupational Disease Act (Act), Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §1415 provides that compensation for total disability due to, *inter alia, asbestosis,* which is the disease involved in the instant case, ". . . shall be payable and commence as of the date the claim is filed," it is clear that Claimant cannot prevail here. This claim, seeking compensation for the alleged total disability of her husband, was filed by Appellee on June 25, 1968. Since her husband died on October 15, 1967, no disability existed on June 25, 1968, for which compensation could be payable.

To the extent that the majority holds that a dependent may *never* file a claim for benefits which would have accrued during the claimant's lifetime, and that the cause of action does not survive his death, I disagree.

The majority holds that the first paragraph of Section 410 of the Act, 77 P.S. 1510, permits a dependent to receive the compensation due a claimant only if a claim was presented during his lifetime. It is my

opinion that this is an unduly restrictive interpretation. The language of Section 410 expressly provides for the presentation of a claim by a dependent. No limitation as to the time of filing by a dependent, *i.e.*, prior to the employe's death, appears. In addition, the third paragraph of this Section explicitly provides for payment to a dependent where the claimant filed a claim during his lifetime, but died before the final adjudication. Thus, the majority, in holding as it does, writes a judicial restriction into the first paragraph which obviously the legislature did not intend. I view the language of Section 410 to permit the survival of an employe's benefit claim. A dependent should be permitted to present a claim subsequent to a claimant's death for disability compensation which would have been due the employe during his lifetime.

The effect of the majority's holding is to allow compensation to dependents of an employe who filed a claim before he died, but to disallow such a claim where, because of serious physical disability or otherwise, the claimant was not able to do so. In my view, this violates the spirit of the act.

Judge ROGERS joins.