Tenneco Chemicals, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Charles J. Stefanowicz and Commonwealth of Pennsylvania, Respondent.

Argued September 10, 1979, before Judges BLATT, DiSALLE and MACPHAIL, sitting as a panel of three.

*David W. Saba,* with him *George A. Spohrer,* and *Hourigan, Kluger & Spohrer Assoc.,* for petitioner.

*Paula F. Garraty,* with her *Conrad A. Falvello, Anthony C. Falvello,* and *Falvello Law Offices,* for respondents.

OPINION BY JUDGE MACPHAIL, October 23, 1979:

Tenneco Chemicals, Inc. (Appellant) here appeals an order of the Workmen's Compensation Appeal

Board (Board) which set aside the referee's determination that Charles J. Stefanowicz (Claimant) was not engaged in an occupation involving direct contact with, handling of, or exposure to toluene diisocyanate.[1] The Board remanded the case to the referee for the appointment of an impartial physician with sufficient expertise to determine whether Claimant suffers, or has suffered from poisoning by toluene diisocyanate, and, if so, whether said poisoning resulted from Claimant's exposure thereto in his employment with the Appellant and, if so, whether said poisoning disabled Claimant, the extent of the disability and the duration thereof. In addition, the Board gave the Claimant the opportunity to amend his claim petition to proceed under Section 108(n) of the Act.

Obviously, the Board's order is interlocutory. Interlocutory orders are generally unappealable, but this Court has set forth certain exceptions to the general rule. In the instant case, Appellant argues that the Board's order is based upon a clear error of law and that our decision in *Flynn v. Asten Hill Manufacturing Co.*, 34 Pa. Commonwealth Ct. 218, 383 A.2d 255 (1978) is applicable. We disagree. In *Flynn,* the issue was clearly one of an interpretation of the provisions of the Act relating to whether an employee's cause of action survives his death. In the instant case, the Board simply found that the referee's finding of a crucial fact was not supported by substantial evidence. The obvious purpose of the remand order was to obtain expert testimony which would help the referee and the Board resolve a con-

---

[1] As found in Section 108 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended*, 77 P.S. §27.1.

flict in the evidence and reach a just result. The Board's procedure was not a clear error of law.

All we hold in this case, at this time, is that the circumstances presented to us in this appeal are not so unusual as to persuade us to consider the substantive issues, where the order is clearly interlocutory. As we have previously stated, "[w]e must be cautious in short-cutting the administrative process, and we must not encourage appeals from the interlocutory orders of administrative bodies. Indeed, these should be allowed only under very unusual circumstances." *Royal Pioneer Ind., Inc. v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 132, 135, 309 A.2d 831, 833 (1973).

Accordingly, we quash the instant appeal sua sponte.

### ORDER

AND Now, this 23rd day of October, 1979, the appeal of Tenneco Chemicals, Inc. from the Order of the Workmen's Compensation Appeal Board dated October 5, 1978 is hereby quashed.