Frederico Granero Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Maria P. Granero, Wife of Jorge A. Granero, Deceased, Respondents.

Argued April 2, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three. Reargued September 12, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Martin J. Fallon, Jr.,* with him *Swartz, Campbell & Detweiler,* for petitioner.

*Harris J. Sklar,* with him *Arthur M. Rosenbaum, Allan J. Sagot,* and *Gross & Sklar,* P.C., for appellee.

OPINION BY JUDGE DISALLE, January 3, 1980:

This petition for review, arising under The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq., was first heard by a panel of Judges and subsequently

reargued before the Court en Banc. It raises the issue of whether a dependent of a deceased employe may receive benefits to which that employe may have been entitled when no claim was filed during the employe's lifetime.

The referee, with the Workmen's Compensation Appeal Board (Board) affirming, made an award to the widow of Jorge A. Granero which included death benefit compensation, lifetime disability compensation, lifetime medical expense, counsel fees and witness costs. Frederico Granero Company (Employer) disputes only those portions of the award (1) awarding lifetime medical expenses, and (2) assessing counsel fees based on (a) lifetime medical expenses and (b) witness costs.[1] We shall affirm the award insofar as it provides for medical expenses but reverse insofar as it awards attorney fees thereon.[2]

On January 23, 1976, while in the course of his employment with Employer, Jorge Granero was seriously injured in an explosion and fire. From that date until his death on February 9, 1976, he remained

---

[1] Interestingly enough, Employer has not appealed that part of the order awarding lifetime disability compensation to Mrs. Granero. Nevertheless, our treatment of the issue of Mrs. Granero's entitlement to medical expenses applies with equal force to her entitlement to lifetime disability.

[2] The referee found as a fact that Granero incurred the following medical bills in the weeks during which he was hospitalized:

| | |
|---|---:|
| Chestnut Hill Hospital | $ 205.50 |
| Kauffmann Solnick Pulmonary Assoc. | 1,115.00 |
| Schneider & Goldstein Assoc. | 105.00 |
| Northwest Surgical Assoc. | 100.00 |
| Frederick A. DeClement, M.D., Assoc. | 5,840.00 |
| St. Agnes Hospital (as compromised) | 25,658.40 |
| | $33,023.90 |

The record indicates that Employer's insurance carrier, at some point prior to the fourth and final hearing, made full payment of those bills.

hospitalized in critical condition. On May 14, 1976, his widow filed a fatal claim petition seeking compensation as a deceased employe's dependent. After several hearings, the referee made the award described above. The Board affirmed and Employer filed the instant petition for review.

Section 410 of the Act, 77 P.S. §751, provides in pertinent part as follows:

> If, after any injury, the employer or his insurer and the employee or his dependent, concerned in any injury, shall fail to agree upon the facts thereof or the compensation due under this act, the employe *or his dependents* may present a claim petition for compensation to the department. (Emphasis added.)

We must begin this discussion with the proposition that nothing in the Act specifically prohibits recovery in this situation. Nowhere in the Act is there the requirement that a claim for benefits due and owing a deceased employe be filed before that employe's death. On the contrary, Section 410 can be fairly read to authorize a dependent's filing of such a claim. Were we to refuse recovery here, we would hardly be giving the Act the broad, liberal construction which has traditionally been accorded it. *Workmen's Compensation Appeal Board v. Hartlieb,* 465 Pa. 249, 348 A.2d 746 (1975).

In *Flynn v. Asten Hill Manufacturing Co.,* 34 Pa. Commonwealth Ct. 218, 383 A.2d 255 (1978) (J. DiSALLE, concurring), we said:

> to allow compensation to dependents of an employe who filed a claim before he died, but to disallow such a claim where, because of serious physical disability or otherwise, the claimant was not able to do so . . . violates the spirit of the act.

*Id.* at 225, 383 A.2d at 259. It seems to us grossly unfair and inequitable to deny recovery of some $33,-000 in medical expenses in this case when it is undisputed that those expenses were reasonable and necessary and would have been recoverable had Mr. Granero lived long enough to file a claim.

We are particularly mindful of the compelling circumstances surrounding Mrs. Granero's claim. Mr. Granero died some two weeks after sustaining his injuries. Furthermore, he remained hospitalized and in critical condition for that period of time. We fail to see how Mrs. Granero could have been required or expected to file a claim petition in her husband's behalf during that critical period.

Employer, citing *DeMontis v. Workmen's Compensation Appeal Board*, 34 Pa. Commonwealth Ct. 225, 383 A.2d 259 (1978), and *Flynn, supra,* argues that Granero's failure to file renders his widow ineligible. We believe that both *DeMontis* and *Flynn* can be distinguished.

*Flynn* involved a claim for compensation for total disability due to exposure to asbestos arising under The Pennsylvania Occupational Disease Act (Disease Act), Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 et seq. In denying disability compensation to the widow of an injured employe who had not filed for benefits before his demise, we had occasion to interpret Section 315 of the Disease Act, 77 P.S. §1415, which provides that "[i]n cases of total disability from . . . asbestosis . . . compensation shall be payable and commence as of the date the claim is filed." Mr. Flynn died on October 15, 1967, and his widow filed her claim on June 25, 1968. Since no compensation was payable on or after June 25, 1968, benefits were quite properly denied. Unlike *Flynn, supra,* no provision similar to Section 315 exists in the Act under which Mrs. Granero seeks to recover.

In *DeMontis, supra,* Anthony DeMontis sustained an injury at work and began receiving compensation for total disability. Almost one year later, he and his employer entered into a supplemental agreement providing for 35% partial disability payments, which DeMontis received up until his death several years later. A few months after he died, his widow filed a petition for review and modification under Section 413 of the Act, 77 P.S. §771, alleging that her husband had been totally disabled for some time prior to his death, and asking that she be paid the difference between the amount which would have been payable for total disability and the amount DeMontis was actually paid. We upheld the denial of benefits.

Section 413 reads as follows:

A referee of the department may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either *party* with the department, or in the course of the proceedings under any petition pending before such referee, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect. (Emphasis added.)

Since Mrs. DeMontis clearly was not a "party" to the supplemental agreement, she lacked standing to seek modification thereof, and benefits were properly denied. Thus *DeMontis* is distinguishable. We conclude, therefore, that the award of medical benefits was entirely proper.[3]

---

[3] To the extent that *Flynn, supra,* and *DeMontis, supra,* contain language which may be construed as holding that a dependent of a deceased employe who failed to file a claim during his lifetime, may not file a claim thereafter (a holding which we believe was unnecessary to the disposition of either case), the same is hereby disavowed.

Although we affirm the award of medical benefits, we will reverse the award of attorney's fees calculated thereon. Given the relatively novel area of law involved here, Employer could reasonably have believed that the failure to file a claim during Granero's lifetime rendered his widow ineligible for medical benefits.[4]

Employer argues lastly that the Board and the referee erred in computing attorney's fees based on the cost of having a certified public accountant testify on behalf of Mrs. Granero. Section 440 of the Act, 77 P.S. §996, added by Section 3 of the Act of February 8, 1972, P.L. 25, provides pertinently as follows:

In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings. . . .

We are of the view that the award for attorney's fee must be computed on the compensation which the widow is entitled to receive under the various sections of the Act, and not on the items of expense listed in Section 440 of the Act as additions to the award for compensation. The claimant has failed to invite our attention to any authority to the contrary, and accordingly we conclude that it was error for counsel fees to be based on an item of reimbursed costs awarded under Section 440. Since Employer has not appealed from the assessment of counsel fees based on the re-

---

[4] Both *Flynn, supra,* and *DeMontis, supra,* were filed after the orders and awards made in the instant case.

mainder of the award, however, we shall affirm that action.[5]

### ORDER

AND Now, this 3rd day of January, 1980, the order of the Workmen's Compensation Appeal Board, dated February 16, 1978, affirming the referee's award of benefits to Maria P. Granero, is hereby affirmed in part and reversed in part, and judgment is entered on that award, as hereinafter modified.

Frederico Granero Company and/or its insurer shall pay Mrs. Granero the following:

a. Mrs. Granero shall receive her husband's lifetime compensation benefits at the rate of $120.00 a week from January 23, 1976, the date of his injury, to February 9, 1976, the date of his death, with legal interest thereon for delayed payments, subject to credit to Employer for payments on account thereof.

b. Mrs. Granero shall receive death benefit compensation at the rate of $91.80 a week from February 9, 1976, to continue thereafter as provided in the Act, with legal interest thereon for delayed payments, subject to credit to Employer for payments on account thereof.

c. Mrs. Granero shall receive payment of funeral expenses in the amount of $849.10, and medical expenses in the amount of $33,023.90, subject to credit to Employer for payments on account thereof; and payment of the witness bill of Stanley J. Bernstein and Company, in the amount of $422.50.

d. Employer shall pay Mrs. Granero's reasonable counsel fee, measured by 20% of the

---

[5] The computation of attorney's fees as made by the referee and affirmed by the Board has not been disputed.

following items because of Employer's unreasonable contest:

1. 20% of the entire lifetime disability award of $120.00 a week from the date of decedent's injury to 2/9/76;

2. 20% of the amount of decedent's funeral expenses of $849.10;

3. 20% of the death benefit compensation award of $91.80 a week from the date of decedent's death to 11/10/76;

4. 20% of the difference between the death benefit compensation paid by Employer at the rate of $70.61 a week and the rate of $91.80 as awarded, from 11/11/76 until the date of payment.

The referee having approved the allowance of 20% out of the above award as Mrs. Granero's counsel fee, Employer is hereby directed to pay said fee to Harris J. Sklar, Esquire, attorney for Mrs. Granero, chargeable to her award; except as otherwise provided by the above award of counsel fee chargeable against Employer.

For dissenting opinion by J. MENCER see page 599.