Joseph F. Piacine, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Catalytic, Inc., Respondents.

Argued December 11, 1980, before Judges CRAIG, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Chester C. Corse, Jr., Williamson, Friedberg & Jones,* for petitioner.

*William C. McGovern,* with him *Joseph R. Thompson,* for respondents.

OPINION BY JUDGE PALLADINO, April 30, 1981:

This is an appeal from an order of the Workmen's Compensation Board of Review (Board) which affirmed a referee's order which officially acknowledged the withdrawal of a petition to modify a Notice of Compensation Payable filed by the appellee, Catalytic, Inc., (Catalytic). We affirm.

On August 18, 1975 Joseph Piacine (claimant) was injured in an industrial accident while working as a welder for Catalytic. Thereafter, Catalytic began to pay claimant maximum total disability benefits pursuant to a Notice of Compensation Payable executed

on September 2, 1975. On November 8, 1977 Catalytic filed a modification petition which alleged that claimant's disability was no longer total. A hearing on this petition was held on January 3, 1978, and subsequently the referee agreed to continue the matter until April 11, 1978 so that additional testimony could be presented. Prior to this new hearing date, claimant's counsel and a representative of Catalytic's insurance carrier entered into settlement negotiations, and the parties orally agreed to submit a Stipulation of Facts to the referee at the April hearing. In this stipulation the parties agreed that claimant had suffered a specific loss of his right foot as a result of his accident, entitling him to the scheduled compensation benefits specified in Section 306(c) of The Pennsylvania Workmen's Compensation Act (Act),[1] 77 P.S. §513, less any compensation benefits he had already received. Three days before this stipulation was to be presented to the referee, however, claimant committed suicide. At the time of claimant's death the stipulation had apparently been reduced to writing by claimant's counsel, but neither party had signed it. The referee subsequently postponed the April 11, 1978 hearing.

On September 18, 1978 claimant's counsel filed a "Supplemental Answer to the Modification Petition" which alleged (1) that the parties had agreed to resolve their dispute by submitting a stipulation of facts, (2) that claimant's widow should be substituted in the proceedings, and (3) that claimant's widow was entitled to her husband's specific loss compensation benefits pursuant to Section 306(g) of the Act, 77 P.S. §541. Shortly thereafter, Catalytic informed the referee that it was withdrawing its modification petition because of claimant's death.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 *et seq.*

A final referee's hearing was held on November 8, 1978. At this hearing claimant's counsel argued that the referee should not permit the withdrawal of the modification petition since the parties had agreed prior to claimant's death to submit a stipulation of facts. Alternatively, claimant's counsel argued that the modified answer filed on September 18, 1978 should be treated as a claim petition by claimant's widow. After considering these arguments the referee concluded that Catalytic had properly withdrawn its modification petition and marked the case closed. The Board subsequently affirmed and the present appeal followed.

Before this Court the claimant alleges that the referee abused his discretion in permitting the withdrawal of the modification petition. We disagree.

In our view, it is axiomatic that a petitioner may withdraw his petition at any time prior to the entry of the referee's final order, and petitioner, in his brief, has not cited any case law or advanced any reasoning to the contrary. While petitioner correctly notes that the referee *would have been bound* by the stipulation of facts in reaching his ultimate conclusions of law, *Klingler v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 335, 413 A.2d 432 (1980); *Guzik v. Laurel Ridge Construction Co.,* 196 Pa. Superior Ct. 586, 176 A.2d 183 (1961), in the present case Catalytic withdrew its petition before the referee's ultimate disposition of the case. Hence, we believe the referee correctly marked the file as closed.

Petitioner has also alleged in his brief that the referee should have treated his modified answer as an original claim petition, filed by claimant's widow, for benefits under Section 306(g) of the Act. Section 306 (g) of the Act, however, only permits widows to collect benefits if their husbands were receiving compensation for a specific loss under Section 306(c) of the

Act, 77 P.S. §513. *Kujawa v. Latrobe Brewing Co.,* 454 Pa. 165, 312 A.2d 411 (1973). Since claimant was collecting total disability benefits at the time of his death, his widow is not entitled to any benefits under Section 306(g) of the Act.

Accordingly, we enter the following

## ORDER

AND Now, April 30, 1981, the order of the Workmen's Compensation Appeal Board dated June 15, 1979, Docket No. A-76554, is affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.