United States Steel Corporation, Petitioner *v.* Workmen's Compensaion Appeal Board (Michael W. Peacock), Respondents.

Argued November 15, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Robert C. Jones,* for petitioner.

*I. Michael Luber,* for respondent, Michael W. Peacock.

OPINION BY JUDGE BLATT, January 25, 1983:

United States Steel Corporation (employer) appeals from an order of the Workmen's Compensation Appeal Board which affirmed a referee's decision that Michael Peacock (claimant) had lost the use of his left leg for all practical intents and purposes, within the intendment of Section 306(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513.

The claimant, while in the course of his routine duties, tripped over a protruding floor plate in the employer's place of business, thereby sustaining chronic disabling synovitis of his left ankle, which caused great pain and suffering to his back, lower

back, and legs. His medical expert testified that due to the work-related injury, the claimant has lost the use of the left leg, and that "to all intents and purposes, he has lost the strength in his leg that he needs to carry out his job on a day-to-day basis." The claimant testified that he is unable to sit or stand for any great length of time, that walking short distances results in pain, that he cannot lift even the slightest amount of weight or engage in any athletic activity and that he cannot bend or squat without pain.

Our scope of review in cases such as this is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial evidence. *Universal Cyclops Steel Corp. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). And inasmuch as the referee is the ultimate fact-finder in cases where, as here, the Board has not taken additional evidence, the referee's findings must be affirmed if they are supported by substantial evidence in the record. *Capitol International Airways, Inc. v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 551, 428 A.2d 295 (1981).

The employer's sole argument rests upon the contention that the findings of the referee were not supported by substantial competent evidence. We have carefully reviewed the record, including the expert opinion testimony of Dr. Michael Joyce, who stated that the claimant could not depend upon his leg for strength, could not walk more than a couple of blocks, could not climb the stairs for more than a very short time, and could not use his left leg to function in a normal fashion in any normal activities. We note that the claimant's own testimony supports the result reached by Dr. Joyce in that the claimant testified that he has trouble standing, sitting, bending, lifting,

getting into and out of cars, climbing the stairs and doing almost "any activity at all".

Inasmuch as the referee's finding, that the claimant had for all intents and purposes lost the use of his left leg, is clearly supported by substantial evidence in the record, we must affirm the order of the Workmen's Compensation Appeal Board.

ORDER

AND Now, this 25th day of January, 1983, the order of the Workmen's Compensation Appeal Board in the above-captioned case is hereby affirmed.