95 Pa. Commonwealth Ct. 461 (1986)
505 A.2d 1358
Associated Town "N" Country Builders, Inc., Petitioner
v.
Workmen's Compensation Appeal Board (Marabito), Respondents.
No. 2464 C.D. 1984.
Commonwealth Court of Pennsylvania.
Submitted on briefs February 4, 1986.
March 6, 1986.
Submitted on briefs February 4, 1986, to Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.
Seymour A. Sikov, Sikov and Love, P.A., for petitioner.
Bruce E. Woodske, for respondent, Virginia Marabito.
OPINION BY JUDGE CRAIG, March 6, 1986:
Associated Town "N" Country Builders, Inc., employer, has filed a petition to review the order of the *462 Workmen's Compensation Appeal Board affirming the referee's decision awarding specific loss benefits and attorney's fees to claimant Virginia Marabito.
Under sections 306(g) and 410 of the Workmen's Compensation Law,[1] the claimant sought specific loss benefits after the death of her husband, Lewis Marabito, the injured employee. His death was unrelated to his work injury, the loss of vision in one eye. The board granted the employer's petition for supersedeas, pending this court's review of the case.
The question is whether a dependent of a deceased employee may receive workmen's compensation benefits to which that employee may have been entitled even though the employee failed to file such a claim during his lifetime. Because this court answered that question affirmatively in Frederico Granero Co. v. Workmen's Compensation Appeal Board, 48 Pa. Commonwealth Ct. 252, 409 A.2d 1167 (1980), we affirm.
On June 14, 1979, while in the course of his employment with the employer, the employee was repairing some concrete steps when a broken nail struck him in the eye, resulting in the loss of that eye. The employer has never contested the fact of that injury. The employer continued to send regular paychecks to the employee until he returned to work on August 3, 1979. On November 25, 1980, the employee died. On March 22, 1982, the claimant filed her claim for her husband's specific loss, which the referee ultimately granted.
Section 410 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §751, clearly authorizes a dependent to file an employee's claim:
If, after any injury, the employer or his insurer and the employe or his dependent, concerned *463 in any injury, shall fail to agree upon the facts thereof or the compensation due under this Act, the employe or his dependents may present a claim petition for compensation to the department.
Section 306(g) of the Act, 77 P.S. §541, specifically allows the widow of an injured employee, who died from causes other than the work injury, to be paid the "payments of compensation" to which the deceased worker "would have been entitled" under the specific loss provision, subsection 306(c), 77 P.S. §513.
However, the employer relies on the cases of Flynn v. Asten-Hill Manufacturing Co., 34 Pa. Commonwealth Ct. 218, 383 A.2d 255 (1978), and DeMontis v. Workmen's Compensation Appeal Board, 34 Pa. Commonwealth Ct. 225, 383 A.2d 259 (1978), for the proposition that section 306(g) only allows for the continuation of benefits. The court in Frederico Granero disavowed language in Flynn and DeMontis which could be construed to bar a deceased employee's dependent from filing a claim if the employee failed to file a claim during life. Frederico Granero at 257, fn. 3, 409 A.2d at 1189, fn. 3.
In Frederico Granero, the widow of an employee who had died in a hospital two weeks after a work-related injury filed for compensation as a deceased employee's dependent. In holding that the deceased employee's dependent was entitled to seek compensation after the employee's death, even though the employee failed to file a claim during his lifetime, we stated:
[N]othing in the Act specifically prohibits recovery in this situation. Nowhere in the Act is there the requirement that a claim for benefits due and owing a deceased employe be filed before that employe's death. On the contrary, *464 Section 410 can be fairly read to authorize a dependent's filing of such a claim. Were we to refuse recovery here, we would hardly be giving the Act the broad, liberal construction which has traditionally been accorded it.
Frederico Granero, at 255, 409 A.2d at 1188.
The compelling circumstances surrounding the claim of the deceased employee's dependent in Frederico Granero  the physical incapacity of the employee himself from the time of injury until his death  clearly influenced this court's decision. The claimant here did not allege compelling circumstances to explain her husband's failure to file a claim during his lifetime. However, the Supreme Court's principle, Reed v. Workmen's Compensation Appeal Board, 499 Pa. 177, 185, 452 A.2d 997, 1001 (1982), that the Workmen's Compensation Act should be "liberally construed with borderline interpretations resolved in favor of the injured employee," requires that section 410 of the Act allow a deceased employee's dependent to receive compensation without having to demonstrate exigent circumstances.
The employer's contention, that section 306(g) deals only with a continuation of benefits, is contrary to judicial interpretation now settled.
The employer also challenges the referee's finding of an employment relationship between the employer and Mr. Marabito.
The claimant argues that the employer's failure to raise the issue of the employment relationship in its petition for review precludes this court from considering the employer's challenge of that relationship. Although Pa. R.A.P. 1513(a) requires only that a petition for review contain "a general statement of the objections to the order," and provides that "[t]he statement of objections will be deemed to include every subsidiary question fairly comprised therein," close *465 examination of the petition for review reveals no statement which embraces the employment relationship issue in any manner. Therefore, the employer is not entitled to have this court consider the issue.[2]
Accordingly, we affirm the referee's award of benefits.

ORDER
NOW, March 6, 1986, the decision of the Workmen's Compensation Appeal Board at A-86472, dated July 26, 1984, is affirmed.
NOTES
[1] Section 306(g) and section 410 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §541; 77 P.S. §751.
[2] Moreover, there is no merit in the employer's contention. The referee's Finding of Fact No. 12, with substantial evidentiary support in the record, sets forth fifteen points establishing the relationship.