598 A.2d 102

**CITY OF SCRANTON, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL
BOARD (RIDESKI), Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 7, 1991.

Decided Sept. 24, 1991.

Reargument Denied Nov. 26, 1991.

Gregory D. Geiss, for petitioner.

George W. Teets, for respondent.

Before DOYLE and SMITH, JJ., and BARBIERI, Senior Judge.

SMITH, Judge.

The City of Scranton (Employer) appeals from the October 3, 1990 order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of the referee directing Employer to pay Helen Rideski (Claimant), the widow of Stanley Rideski (decedent), specific loss payments which had been awarded to decedent during his lifetime. The Board is reversed.

The facts are not in dispute. On February 8, 1979, decedent sustained a work-related injury while employed by Employer as a firefighter. Employer and decedent executed a notice of compensation payable and subsequently entered into a supplemental agreement which provided for the payment of compensation to decedent at the rate of $186.44 per week beginning February 23, 1980. On February 1, 1984, Employer filed a petition for modification alleging that decedent's injury had resolved itself into a specific loss of use of his left arm. By decision dated May 22, 1985, the referee found that decedent had suffered a specific loss of use of his left arm for all practical intents and purposes as well as other work-related injuries to his lower back and neck which aggravated pre-existing medical conditions and rendered him totally disabled. The referee

awarded total disability benefits as a result of the injuries, and upon termination of decedent's total disability, specific loss benefits were payable to decedent at the rate of $186.44 per week for 410 weeks. No appeal was taken by Employer from the referee's decision.

Decedent died on July 18, 1987 due to causes unrelated to his work injuries. At the time of death, decedent was receiving total disability benefits. Thereafter, Claimant filed a petition for review alleging that Employer refused to make the specific loss payments awarded to her husband. The parties, without proffering any testimony, stipulated at hearing to the facts as alleged in Claimant's petition and submitted the matter for decision on the issue of Claimant's entitlement to specific loss payments. The referee issued a decision dated October 12, 1988 ordering Employer to pay Claimant compensation of $186.44 per week for 410 weeks beginning July 18, 1987, concluding that since decedent's right to specific loss payments was vested when they were awarded in 1985, Claimant was entitled to receive the compensation upon termination of decedent's total disability by his death. The Board affirmed the referee and Employer appealed to this Court.

■ Claimant's claim for specific loss payments was based upon Section 306(g) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 541, which provides in pertinent part:

Should the employe die from some other cause than the injury, payments of compensation to which the deceased *would have been entitled* to under section 306(c)(1) to (25) [77 P.S. § 513, schedule of compensation for the permanent loss of certain bodily members] shall be paid to the following persons who at the time of the death of the deceased were dependents ... in the following order and amounts:

(1) To the surviving widow or widower if there are no children under the age of eighteen. (Emphasis added.) (Footnote omitted.)

Employer contends that Claimant is not entitled to specific loss payments under Section 306(g) of the Act because decedent's total disability was not terminated during his lifetime which would entitle him to specific loss payments. Under Section 306(g) of the Act, a claimant's entitlement to specific loss payments depends upon a determination of whether decedent "would have been entitled to" such payments before his death. *Reed v. Workmen's Compensation Appeal Board*, 499 Pa. 177, 452 A.2d 997 (1982); *Turner v. Jones & Laughlin Steel Corp.*, 479 Pa. 618, 389 A.2d 42 (1978); *Associated Town "N" Country Builders, Inc. v. Workmen's Compensation Appeal Board (Marabito)*, 95 Pa.Commonwealth Ct. 461, 505 A.2d 1358 (1986), *aff'd*, 515 Pa. 564, 531 A.2d 425 (1987).

Employer urges this Court to read Section 306(g) in conjunction with Section 306(d), 77 P.S. § 513, in determining Claimant's entitlement to specific loss payments. Section 306(d) provides in pertinent part:

> Where, at the time of the injury the employe receives other injuries, separate from these which result in permanent injuries enumerated in clause (c) of this section [Section 306(c)(1) to (25)], the number of weeks for which compensation is specified for the permanent injuries shall begin at the end of the period of *temporary* total disability which results from the other separate injuries.... (Emphasis added.)

Employer contends that under Section 306(d) of the Act, decedent's entitlement to specific loss payments was contingent upon the termination of his "temporary" total disability by an eventual healing during his lifetime and that since at the time of death decedent was still receiving total disability benefits, he was not entitled to specific loss benefits during his lifetime. Thus, the ultimate issue raised by Employer in this appeal is whether a surviving widow of a deceased employee is entitled to specific loss payments which were awarded prospectively to a deceased employee during his lifetime. After closely reviewing relevant sec-

tions of the Act, this Court concludes that Claimant's claim cannot be sustained.[1]

In *Piacine v. Workmen's Compensation Appeal Board,* 59 Pa.Commonwealth Ct. 96, 428 A.2d 1029 (1981), the employee was receiving total disability benefits when the employer filed a petition for modification alleging that the employee's disability was no longer total. The parties later stipulated that the employee had suffered a specific loss of his right foot, entitling him to specific loss payments. Three days before this stipulation was to be presented to the referee, however, the employee committed suicide. On appeal, this Court affirmed the Board's order which affirmed the referee's acknowledgement of employer's withdrawal of the modification petition. In doing so, this Court reasoned:

> Section 306(g) of the Act, however, only permits widows to collect benefits *if their husbands were receiving compensation for a specific loss under Section 306(c) of the Act,* 77 P.S. § 513. *Kujawa v. Latrobe Brewing Co.,* 454 Pa. 165, 312 A.2d 411 (1973). Since claimant was collecting total disability benefits at the time of his death, his widow is not entitled to any benefits under Section 306(g) of the Act.

*Id.* 59 Pa.Commonwealth Ct. at 99–100, 428 A.2d at 1031. (Emphasis added.) The *Piacine* holding is equally applicable to the matter *sub judice.* Decedent was collecting total disability benefits, not specific loss payments, at the time of his death and his widow is therefore not entitled to benefits under Section 306(g) of the Act.

The referee and the Board concluded that specific loss payments were payable to Claimant because decedent's death terminated his total disability. *See Shaffer v. Workmen's Compensation Appeal Board (Silver & Silver,*

1. This Court's scope of review is limited to a determination of whether an error of law was committed, whether constitutional rights were violated or whether necessary findings of fact were supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

*Inc.),* 138 Pa.Commonwealth Ct. 624, 588 A.2d 1029 (1991) (compensation for total or partial disability is extinguished by death of the worker). This Court finds that such conclusion is based upon an erroneous interpretation of Sections 306(d) and 306(g) of the Act.

In *Turner,* which involved the election of specific loss benefits in lieu of continued total disability benefits, the Pennsylvania Supreme Court interpreted the "temporary" total disability language in Section 306(d) as follows:

> By ignoring the word "temporary" in subsection (d), appellees changed the character of this provision. When that qualifying word is included it becomes obvious that the legislature contemplated a situation in which severe but curable injuries might render a claimant *temporarily* totally disabled for a period of time after the accident. The word "temporary" assumes a natural termination of the total disability status by the eventual healing of the injuries other than the specific loss injuries, and the provision is intended only to establish the payment procedures *when that healing occurs and total disability ceases,* leaving claimant still factually qualified for benefits for permanent specific loss. All that must cease, under this language, is the compensation period for temporary total disability. Inherent in this provision is the assumption that no election of benefits will be necessary, because the total disability is *temporary* only, and will eventually terminate.

*Id.* 479 Pa. at 626, 389 A.2d at 46. (Emphasis added.) [2] The Supreme Court further noted that "no natural termination is inherent in a permanent disability [resulting from loss of both legs], hence specific loss benefits cannot be presumed to follow in due course those for the temporary total disability." *Id.* Thus, a careful reading of *Turner's* inter-

---

**2.** This Court defined "temporary total disability" in another context as "the incapacity to maintain performance of work in any gainful employment." *Richmond v. Workmen's Compensation Appeal Board (Oxford Chemical, Inc.),* 110 Pa.Commonwealth Ct. 21, 25, 531 A.2d 854, 856 (1987), quoting from A. Barbieri, Pennsylvania Workmen's Compensation and Occupational Disease, § 5.13 (1975).

pretation of "temporary" total disability in conjunction with Section 306(g) provisions compels the conclusion that since decedent's injuries to his lower back and neck which rendered him totally disabled were not resolved by an eventual healing or natural termination, decedent's entitlement to specific loss benefits consequently did not ripen during his lifetime. As decedent was not entitled to specific loss benefits at the time of his death, Claimant is ineligible to receive such benefits under Section 306(g).

Furthermore, the Act itself contemplates subsequent changes in the condition of a claimant's disability by providing that "[a] referee ... may, at any time, modify, reinstate, suspend, or terminate ... an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased...." Section 413, 77 P.S. § 772. Consequently, since in workmen's compensation cases change must be anticipated and is contemplated by the Act, a referee may not decide the state of a claimant's disability at some future time but may only speak as of the date of the decision. *See Seng v. Workmen's Compensation Appeal Board (Branch Motor Express)*, 92 Pa.Commonwealth Ct. 619, 500 A.2d 506 (1985); *Strait v. Gulf Oil Co.*, 140 Pa.Superior Ct. 464, 14 A.2d 168 (1940). Moreover, the applicability of the theory of res judicata, if raised, is limited to the finding of the state of disability at a given time. *Caggiano v. Workmen's Compensation Appeal Board*, 42 Pa.Commonwealth Ct. 524, 400 A.2d 1382 (1979).

## ORDER

AND NOW, this 24th day of September, 1991, the order of the Workmen's Compensation Appeal Board, dated October 3, 1990, is hereby reversed.