HGO, INC., Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (HADLEY), Respondent.

Frank HADLEY, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (HGO, INC.), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 8, 1994.

Decided Dec. 16, 1994.

Paul v. Tatlow, for petitioner/respondent HGO, Inc.

Wendy Chierici, for respondent/petitioner Frank Hadley.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

SMITH, Judge.

The widow of Frank Hadley (Claimant) and HGO, Inc. (Employer) cross-appeal from the September 30, 1993 order of the Workmen's Compensation Appeal Board reversing the referee's award of specific loss benefits to Claimant pursuant to Section 306(c) of the Workers' Compensation Act (Act), Act of

June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513(3). The award was granted to Claimant's widow under Section 306(g) of the Act, 77 P.S. § 541.[1] The issues presented are whether the referee erred in awarding specific loss benefits to Claimant's widow pursuant to Section 306(g) when the referee's award was issued four days after Claimant's death; whether the Board erred as a matter of law in awarding compensation for the specific loss of use of Claimant's left arm when disability was based on a left shoulder injury; and whether the Board erred in determining that the referee's award of specific loss is supported by substantial competent evidence.

The parties do not dispute that on June 30, 1987, Claimant suffered a shoulder injury in the course of his employment as an elevator operator and that Claimant received workers' compensation total disability benefits until he returned to work on July 20, 1987. On November 27, 1987, Claimant filed a reinstatement petition alleging a recurrence of his total disability; the parties executed a supplemental agreement entitling Claimant to receive benefits from November 27, 1987 until August 4, 1988 when the benefits would be suspended.

On July 12, 1989 Claimant filed his claim petition for specific loss of use of his left arm. The referee closed the hearing record on November 13, 1990, and Claimant died from causes unrelated to his injuries on September 15, 1991. The referee entered his order four days later finding that Claimant met his burden of proof to show specific loss of his left arm and ordering Employer to pay specific loss benefits for the loss of Claimant's left arm for all practical intents and purposes. The referee awarded Claimant compensation pursuant to Section 306(c) in the amount of sixty-six and two-thirds percent of Claimant's wage rate during four hundred ten weeks.

■ Employer appealed to the Board which affirmed the referee but modified his decision permitting Employer to take credit for payments made to Claimant. Employer requested a rehearing by the Board based on this Court's decision in *City of Scranton v. Workmen's Compensation Appeal Board (Rideski),* 142 Pa.Commonwealth Ct. 463, 598 A.2d 102 (1991), and also appealed to this Court. The Board granted a rehearing in light of *City of Scranton,* and this Court issued an order dismissing Employer's petition for review. The Board reversed its earlier decision and denied Claimant's claim petition for specific loss based on this Court's decision. Thereafter, the Pennsylvania Supreme Court reversed this Court in *City of Scranton v. Workmen's Compensation Appeal Board (Rideski),* 536 Pa. 161, 638 A.2d 944 (1994).[2]

The Supreme Court held in *City of Scranton* that Section 306(g) of the Act allows the widow of an injured employee who dies from causes other than the work injury to be paid compensation that the deceased worker would have been entitled to under Section 306(c); upon termination of the decedent's total disability, specific loss benefits are payable under Section 306(d); and a decedent's death unrelated to the work injuries operates as a termination of total disability. The Supreme Court has clearly stated that the death of a claimant does not extinguish his or her rights to compensation under Section 306(c). That section provides in pertinent part that "[f]or all disability resulting from permanent injuries of [loss of an arm], the compensation shall be exclusively ... sixty-

---

1. Section 306(g) provides in pertinent part:
   Should the employe die from some other cause than the injury, payments of compensation to which the deceased would have been entitled to under section 306(c)(1) to (25) shall be paid to the following persons who at the time of the death of the deceased were dependents within the definition of clause (7) of *section 307* and in the following order and amounts:
   (1) To the surviving widow or widower if there are no children under the age of eighteen.

2. This Court's scope of review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial competent evidence of record, an error of law was committed, or any constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

six and two-thirds per centum of wages during four hundred ten weeks." *See also Shaffer v. Workmen's Compensation Appeal Board (Silver & Silver, Inc.),* 138 Pa.Commonwealth Ct. 624, 588 A.2d 1029 (1991).

■ Employer argues that the occurrence of Claimant's death prior to issuance of the referee's award precludes his widow from collecting specific loss benefits and that the Supreme Court's decision in *City of Scranton* is distinguishable and should be limited to an award which is "prospective" in nature only. Employer also argues that the Court in *Piacine v. Workmen's Compensation Appeal Board,* 59 Pa.Commonwealth Ct. 96, 428 A.2d 1029 (1981), precluded an award of specific loss benefits to a widow where decedent did not become entitled to the benefits during his lifetime.

As to Employer's first argument, no such limitations were placed by the Supreme Court on the entitlement to an award under Section 306(c) and none will be imposed by this Court. *See Batoff v. Bureau of Professional & Occupational Affairs,* 158 Pa.Commonwealth Ct. 267, 631 A.2d 781 (1993); *Commonwealth v. Cabeza,* 503 Pa. 228, 469 A.2d 146 (1983).[3] Moreover, in *Piacine,* the employer filed the petition to modify total disability to specific loss benefits and withdrew the petition before the referee entered his final order. In the case sub judice, the claim petition for specific loss was filed by Claimant in July 1989 and was not withdrawn prior to the referee's award as in *Piacine.*

Here, the referee concluded that Claimant met his burden of proof showing entitlement to benefits for specific loss of his left arm and that the loss of use was caused by the compensable injury of June 30, 1987. The Board, relying on this Court's decision in *City of Scranton,* stated that it is Claimant's status at the time of death which controls

whether his widow is entitled to specific loss benefits and that entitlement to specific loss benefits is not binding until the referee's decision is issued. In light of the Supreme Court's reversal, the Board's order must be reversed and the referee's award granting specific loss benefits under Section 306(g) to Claimant's widow must be reinstated.

In its cross-petition, Employer claims that the award of specific loss benefits was in error because Claimant's injury was to the rotator cuff of the left shoulder and not to the left arm and that any problems Claimant had with his left arm were derivative of the shoulder injury. According to Employer, no evidence was presented to show that Claimant's disability due to the rotator cuff injury ever resolved into a specific loss of the use of the left arm; therefore, Claimant continued to suffer disability from the left shoulder only.

■ The issue of loss of use of an extremity is a question of fact for the referee to resolve. *Dally v. Workmen's Compensation Appeal Board (Pullman Standard),* 82 Pa.Commonwealth 291, 474 A.2d 1215 (1984). The party requesting a modification to establish a specific loss must show that the injured party has suffered the permanent loss of use of the injured member for all practical intents and purposes. *Dugan v. Workmen's Compensation Appeal Board (Boron Oil Co.),* 107 Pa.Commonwealth Ct. 604, 528 A.2d 1054 (1987). The burden of proof is on the party seeking modification of an agreement to produce competent evidence of a change in the claimant's condition occurring since the date of the agreement. *J & L Steel Corp. v. Workmen's Compensation Appeal Board (Shutak),* 145 Pa.Commonwealth Ct. 99, 602 A.2d 467, *appeals denied,* 530 Pa. 657, 608 A.2d 32, 530 Pa. 662, 609 A.2d 169 (1992).

---

3. This Court in *DeMontis v. Workmen's Compensation Appeal Board,* 34 Pa.Commonwealth Ct. 225, 383 A.2d 259 (1978), confirmed the denial of a widow's claim where decedent failed to file a petition for review and modification during decedent's lifetime. However, in *Frederico Granero Co. v. Workmen's Compensation Appeal Board,* 48 Pa.Commonwealth Ct. 252, 409 A.2d 1187 (1980), claimant's widow was allowed to file for specific loss benefits after the claimant died because of compelling circumstances; and in *Associated Town "N" Country Builders, Inc. v. Workmen's Compensation Appeal Board (Marabito),* 95 Pa.Commonwealth Ct. 461, 505 A.2d 1358 (1986), *aff'd,* 515 Pa. 564, 531 A.2d 425 (1987), the claimant's widow was allowed to file for workers' compensation benefits after the claimant's death without alleging compelling circumstances explaining the failure to file during his lifetime.

Instantly, Employer relies on *Motor Freight Express v. Workmen's Compensation Appeal Board*, 59 Pa.Commonwealth Ct. 415, 429 A.2d 1272 (1981), which held that the claimant cannot have the loss of use of his arm where the work-related injury involves the shoulder. Employer's reliance is misplaced because in *Motor Freight Express*, this Court determined that the employer did not meet its burden of proving that the claimant's disability had changed or resolved itself or that there was any impairment depriving claimant of the use of his arm for all practical intents and purposes. In the case sub judice, the referee credited the testimony of Dr. Lawrence S. Miller who stated that Claimant's condition deteriorated significantly since November 1988; that his range of motion had decreased and his pain increased as of April 1989; and that the limitation to Claimant's left arm was caused by the work-related injury on June 30, 1987. Employer failed to rebut Claimant's claim or to prove that Claimant did not suffer a loss of use of his arm for all practical intents and purposes.

Employer also asserts that the Board erred in determining that the referee's award of specific loss is supported by substantial competent evidence where Claimant's medical expert never expressed an unequivocal opinion that Claimant suffered a specific loss of use of the left arm for all practical purposes. Equivocality of medical testimony is a question of law and is judged upon review of the entire record. *Carpenter Technology Corp. v. Workmen's Compensation Appeal Board (Wisniewski)*, 144 Pa.Commonwealth Ct. 72, 600 A.2d 694 (1991). It is not necessary that the medical expert use particular words in asserting his or her opinion that the disability is clearly the result of the work experience. *Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board*

*(Lucas)*, 77 Pa.Commonwealth Ct. 202, 465 A.2d 132 (1983).[4]

Claimant's medical expert and treating physician expressed his opinion within a reasonable degree of certainty that in May 1989 Claimant was unable to use his arm for any tasks except those which only required Claimant to work directly in front of him with his hand and lower arm. The expert further opined that Claimant is unable to lift his arm more than four and one-half to five feet off the ground because of weakness in the shoulder; Claimant is unable to lift his left arm and hold it out in front of him; and he can only lift small objects short distances using his hand, wrist and forearm. Dr. Miller further testified that Claimant's condition has been deteriorating and that his arm is not expected to improve significantly.

Based upon an examination of the entire record and the Supreme Court's decision in *City of Scranton*, this Court concludes that the referee's findings are based on competent substantial evidence found in the record. Accordingly, the referee's decision that Claimant suffered a specific loss of use of his left arm for all practical intents and purposes shall be reinstated, and the order of the Board is reversed.

### ORDER

AND NOW, this 16th day of December, 1994, the order of the Workmen's Compensation Appeal Board, dated September 30, 1993, is reversed and the referee's award of specific loss compensation to Claimant's widow is reinstated, with credit to Employer for payments already made.

---

4. In *U.S. Steel Corp. v. Workmen's Compensation Appeal Board (Peacock)*, 71 Pa.Commonwealth Ct. 354, 454 A.2d 1180 (1983), a doctor testified that claimant could not depend on his leg for strength; walk more than a couple of blocks; climb the stairs for more than a very short time; nor use his left leg to function in a normal fashion in any normal activities. His testimony was held to be substantial evidence sufficient to support the referee's finding that claimant lost the use of his leg for all practical intents and purposes.